Terry FRANK, Petitioner-Respondent,

v.

PERSONNEL COMMISSION FOR the STATE of
Wisconsin and Department of Health & Social
Services, Appellants.†

Court of Appeals

*No. 86–0745. Submitted on briefs April 10, 1987.—Decided
September 3, 1987.*

(Also reported in 415 N.W.2d 533.)

† Petition to review denied.

For the appellants the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Steven J. Schooler* and *Brynelson, Herrick, Bucaida, Dorschel & Armstrong,* of Madison.

GARTZKE, P.J.   This case involves an employee's attempt to regain her state employment. The state personnel commission held that the employing agency, Department of Health and Social Services, had properly refused to consider reinstating Terry Frank's employment. The circuit court reversed and remanded with directions that the agency consider her reinstatement. The commission and the department have appealed. We conclude that because Frank sought reinstatement within the three-year period provided in sec. 230.31(1), Stats., the department should have acted on her application even if it could

not do so until after the three-year period. We therefore affirm the trial court's order.

Section 230.31(1), Stats., provides in part:

> Any person who has held a position and obtained permanent status in a class under the civil service law and rules and who has separated from the service without any delinquency or misconduct on his or her part but owing to reasons of economy or otherwise shall be granted the following considerations for a 3-year period from the date of such separation:
>
> (a) Such person shall be eligible for reinstatement in a position having a comparable or lower pay rate or range for which such person is qualified.

The department employed Terry Frank in 1977 as an institutional aide at Central Wisconsin Center. She was on leave from April 1979 until April 1980 when the center wrote to her, stating that her employment was terminated on April 18, 1980. The termination letter stated that she would "retain reinstatement eligibility for three years from this date." Frank applied for reinstatement in June and August 1980 and in February 1981. The department denied her requests.

On April 14, 1983 Frank again applied for reinstatement. The department never processed this application. The reason for the department's inaction was that it takes about two weeks to process an application and the three-year period in sec. 230.31(1), Stats., would have run before processing could be completed. Sometime after July 7, 1983 Frank received a letter from the department inviting her application to take a competitive examination for the same position she had held.

In her appeal to the personnel commission, Frank contended that the department's refusal to reinstate her without a competitive examination violated sec. 230.31, Stats. She contended that because she submitted her reinstatement application within the statutory three-year period, the department should have processed her request whether or not it could have done so within that period. The commission rejected Frank's argument and held that the department did not abuse its discretion when it concluded that it would not reinstate her without a competitive examination.

The circuit court concluded that the plain meaning of sec. 230.31(1)(a), Stats., is that Frank was eligible for reinstatement when she applied on April 14, 1983 and that her application need not be processed before the three-year period expired. The court therefore reversed and directed the department to consider her application.

■

The meaning of a statute is a question of law which we resolve without deference to the view of the trial court. *LaRene v. LaRene,* 133 Wis. 2d 115, 118, 394 N.W.2d 742, 743 (Ct. App. 1986). When we review an agency's interpretation of a statute it administers, we defer somewhat to the agency's view. If the agency's interpretation is a reasonable one and is consistent with the purpose of the statute, we will ordinarily accept it. *De Leeuw v. ILHR Dept.,* 71 Wis. 2d 446, 449, 238 N.W.2d 706, 709 (1976). We extend that deference to the commission in its review under sec. 230.44, Stats., of personnel decisions. Here, however, we cannot accept the commission's interpretation.

The personnel commission contends that the issue is whether the filing of an employee's application for reinstatement "tolls" the running of the three-year period in sec. 230.31, Stats., so that the employing agency has the "power" to act on the application after the period has expired. Having so framed the issue, the commission asserts that we should not hold that Frank's timely application "tolled" the running of three years because courts cannot engraft an exception upon a statute of limitations unless the exception is clearly expressed in the statute. *Pugnier v. Ramharter,* 275 Wis. 70, 77, 81 N.W.2d 38, 42 (1957). The commission therefore argues that the statute limits the employing agency's authority, so that the agency has no power to consider reinstatement after the three years have run. We reject the commission's interpretation of sec. 230.31.

Section 230.31(1), Stats., does not affect the powers of an employing agency. It neither empowers an agency nor limits an agency's power. It commands that a separated employee "shall be granted" certain "considerations," one of which is eligibility for reinstatement for three years. Eligibility is therefore the employee's right. The three-year period limits only the right of the employee and not the power or authority of the employing agency. The "tolling" issue does not exist.

Because the three-year period in sec. 230.31(1), Stats., imposes no limitation on the employing agency, if a separated employee applies for reinstatement within that period, then nothing prevents the agency from acting on the application after the three-year period has expired.

■ The commission's contrary interpretation of sec. 230.31(1), Stats., is unreasonable. It ignores the sole command of the statute: to grant eligibility for reinstatement for three years. It would reduce the three-year life of the employee's right by whatever time the agency needed to process a reinstatement request. As the circuit court noted, it would allow the agency to reduce the value of the right merely by holding a timely request until the three-year period ran out.

Because the agency's interpretation of sec. 230.31(1), Stats., is unreasonable, we do not defer to it. We will affirm the circuit court's order that the department consider Terry Frank's application for reinstatement. Like the circuit court, we do not order that she be reinstated.

*By the Court.*—Order affirmed.