Nancy COZZENS-ELLIS, Petitioner-Appellant,

v.

WISCONSIN PERSONNEL COMMISSION,
Respondent.

Court of Appeals

*No. 89-1049. Submitted on briefs February 13, 1990.—Decided
March 1, 1990.*

(Also reported in 455 N.W.2d 246.)

For the petitioner-appellant the cause was submitted on the briefs of *Fox, Fox, Schaefer & Gingras, S.C.,* by *Robert J. Gingras* and *Mary E. Kennelly,* of Madison.

For the respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Stephen M. Sobota,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. The Wisconsin Personnel Commission dismissed Nancy Cozzens-Ellis's appeal from a denial of her application for promotion within the classified civil service. She appealed to the commission pursuant to sec. 230.44(1)(d), Stats., and the commission dismissed her appeal as untimely under sec. 230.44(3).[1] The circuit court affirmed, she appeals to this court, and we affirm.

The issue is whether for purposes of sec. 230.44(3), Stats., the "effective date of the action" of a promotion denial is the date the decision was made not to promote or the date the person who was promoted began the new

---

[1]Section 230.44, Stats., reads in relevant part:

(1) [T]he following are actions appealable to the commission . . .:

. . ..

(d) A personnel action after certification [of names under sec. 230.25] which is related to the hiring process in the classified service and which is alleged to be illegal or an abuse of discretion . . ..

. . ..

(3) Any appeal filed under this section may not be heard unless the appeal is filed within 30 days after the effective date of the action, or within 30 days after the appellant is notified of the action, whichever is later . . ..

272

job. We conclude that the commission's interpretation, the former, is reasonable.

The facts are undisputed. Cozzens-Ellis is employed by the University of Wisconsin System in the classified civil service in the Department of Police and Security. She was certified for consideration for promotion to two supervisory positions within the department. On May 4, 1987, the head of the department, Chief Ralph Hansen, selected two other candidates for promotion to the positions. On May 5, 1987, Cozzens-Ellis was notified that the two other persons had been selected. On May 13, 1987, one of the two other persons first reported for and began performing the duties of one of the positions.[2] Cozzens-Ellis filed her appeal to the commission on June 11, 1987.

The commission concluded that her appeal was filed too late. The commission held that the "effective date of the action" she appealed from was May 4, 1987, the date she was passed over for promotion, rather than May 13, 1987, the date the person promoted began work in the new job. The thirty-day limitation period therefore began to run on May 5, 1987, the date she received notice of the denial, because that date is later than the effective date of the action. Sec. 230.44(3), Stats.

We determine the meaning of a statute, a question of law, without deference to the conclusion of the circuit court. *Frank v. Personnel Commission,* 141 Wis. 2d 431, 434, 415 N.W.2d 533, 535 (Ct. App. 1987). However, we defer to the commission's interpretation of statutes governing its review of personnel decisions if the interpretation is reasonable and consistent with the purpose of the statute. *Id.*

---

[2]When the other person began is not of record.

The commission's interpretation of sec. 230.44(3), Stats., is reasonable, and we affirm it. Under sec. 230.44(1)(d), an employee appeals from a "personnel action" alleged to be illegal or an abuse of discretion. If a person is denied a promotion, the "action" appealed from is the denial, not a later event stemming from it. This interpretation is consistent with the focus of the appeal on the nonpromotion of the appellant rather than the promotion of another person.

The commission argues that the thirty-day time limit for appeals, sec. 230.44(3), Stats., is jurisdictional. We need not and do not decide the issue.

*By the Court.*—Order affirmed.