WISCONSIN BELL, INC., American Telephone & Telegraph Co., and AT&T Communications of Wisconsin, Inc., Plaintiffs-Appellants,†

v.

Wisconsin DEPARTMENT OF REVENUE, and Mark D. Bugher, Defendants-Respondents.

Court of Appeals

*No. 90–2247. Oral argument June 13, 1991.—Decided July 25, 1991.*

(Also reported in 473 N.W.2d 587.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert A. Schnur* of *Michael, Best & Friedrich* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Gerald S. Wilcox,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   Wisconsin Bell, Inc., American Telephone & Telegraph Company and AT&T Communications of Wisconsin, Inc. (collectively "Bell"), appeal from an order dismissing their action for declaratory

judgment. They had sought a judgment declaring that certain billing and collection services provided by Bell to the AT&T companies were not subject to the Wisconsin sales tax. The trial court dismissed the action in deference to the administrative remedy available to the plaintiffs before the Department of Revenue under sec. 227.41(1), Stats.[1]

The dispositive issue is whether the trial court abused its discretion when it dismissed Bell's action "in deference" to the department's declaratory ruling authority. While the trial court did not specifically frame the issue as such, it is a question of primary jurisdiction. We conclude that the court's action was a proper exercise of discretion and we affirm the order.[2]

---

[1]The statute provides in part that any state administrative agency—including the Department of Revenue, the agency administering and enforcing the state sales tax laws—"may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it."

[2]The department argues strenuously that the trial court erred in ruling that, in the absence of a prior ruling by the department, the commission lacked authority to "provide the plaintiffs an administrative remedy . . .." The commission claims not only that it has such power, but that it has "exclusive jurisdiction" over the dispute.

The department did not cross-appeal from the trial court's decision, however. And while a cross-appeal is not a prerequisite to review of errors asserted by a respondent "when the error complained of, if corrected, would sustain the judgment . . . appealed from," that rule is based on the proposition that an appellate court may affirm a "decision [that is] right, although for the wrong reason." *State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982). Here, we sustain the trial court's ruling on the basis upon which it was entered: that the agency's primary jurisdiction should be respected. Thus, there is no need to invoke

141

The facts are undisputed and may be simply stated. AT&T provides interstate and long-distance telephone service to residents of Wisconsin. Bell is the "local" telephone company providing intrastate service in many areas of the state. Pursuant to an agreement with AT&T, Bell bills and collects the charges due AT&T for the long distance services AT&T provides to Wisconsin customers.

In 1988, the department published a statement in a tax "newsletter" indicating its belief that fees Bell charges AT&T for providing the long-distance billing and collection services were subject to the Wisconsin sales tax as "telephone services" under sec. 77.52(2)(a)4, Stats.[3] The statement was not fact-specific.

Despite the newsletter statement, the department has not assessed Bell for sales tax on the gross receipts from its billing and collection services, nor has Bell paid any such taxes.

In 1990, plaintiffs brought this action in circuit court seeking a declaration that Bell's billing and collection activities were not "telephone (or telecommunications) services" within the meaning of the statute. The

---

the *Alles* rule in order to support the trial court's ruling on the ancillary question of the commission's initial or "exclusive" jurisdiction.

[3]Section 77.52(2)(a)4, Stats. (1987–88), imposed a sales tax on, among other things, "[t]he sale of *telephone services* of whatever nature . . . *except interstate service,* unless that interstate service originates from and is charged to a telephone located in this state." (Emphasis added.)

The statute has since been amended. It now appears as sec. 77.52(2)(a)5, Stats., and taxes "[t]he sale of *telecommunication services* of whatever nature . . . *including interstate services* originating in this state and charged to a subscriber or telephone located in this state." (Emphasis added.)

department moved to dismiss on grounds that the court cannot acquire subject matter jurisdiction until the commission first rules on the matter and that the controversy is thus not ripe for adjudication. Alternatively, the department argued that the court should defer to the commission under the primary jurisdiction doctrine.

The trial court granted the motion. It rejected the commission's "initial jurisdiction" and "exclusive jurisdiction" arguments. It held, however, that it could not rule on the controversy until the case had gone through the department. Noting that the plaintiffs could seek a declaratory ruling from the department under sec. 227.41(1), Stats., the court concluded that it would "in its discretion defer to the [department's] expertise" and dismissed the action, leaving the plaintiffs to their declaratory relief remedies before the department and commission.

While the trial court referred in its decision to cases requiring parties to exhaust administrative remedies before seeking relief in court—a rule not really applicable here[4]—it also cited *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 499, 211 N.W.2d 4, 9 (1973), for the "primary jurisdiction rule" that "where an administrative remedy is provided by statute, relief should first be sought from the administrative agency . . . before bringing the matter to the court." The rule is really not one of

---

[4]The rule requiring exhaustion of administrative remedies "contemplates a situation where some administrative action is under way but is as yet *uncompleted." State v. Dairyland Power Cooperative,* 52 Wis. 2d 45, 54, 187 N.W.2d 878, 882 (1971) (emphasis in original). Thus, the rule does not apply where, as here, "[t]here is no administrative proceeding under way." *Sawejka v. Morgan,* 56 Wis. 2d 70, 79, 201 N.W.2d 528, 533 (1972).

power or jurisdiction; it is "a matter of comity between the agency and the courts." *Id.*

The purpose of the primary jurisdiction rule is "to promote proper relations between the courts and administrative agencies." *Sawejka,* 56 Wis. 2d at 79–80, 201 N.W.2d at 533. The rule recognizes the expertise and policy-making functions of administrative agencies and asks the trial court to consider whether judicial or administrative action in the particular matter "would best serve the ends of justice." *Id.,* 56 Wis. 2d at 80, 201 N.W.2d at 533, quoting *Wisconsin Collectors Ass'n v. Thorp Finance Corp.,* 32 Wis. 2d 36, 45, 145 N.W.2d 33, 37 (1966). Thus, where an issue presented to the court involves fact-finding or policymaking within the agency's field of expertise or administration—such as the application of a law administered by the agency to a specific set of facts—"the agency should be given the first review unless there is some valid reason for the court to intervene and exercise its jurisdiction." *Beal v. First Fed. Sav. & Loan Ass'n of Madison,* 90 Wis. 2d 171, 198, 279 N.W.2d 693, 705 (1979). On the other hand, where the primary issue is one of law where the agency, even given its experience and expertise, would be in no better position than the court to decide it, "the court may properly choose in its discretion to entertain the proceedings." *Wisconsin Collectors,* 32 Wis. 2d at 45, 145 N.W.2d at 37.

Where questions of primary jurisdiction are involved and the trial court has declined to exercise its jurisdiction, "the question on review is whether the court has abused its discretion." *Browne v. Milwaukee Bd. of School Directors,* 83 Wis. 2d 316, 328, 265 N.W.2d 559, 564 (1978). Such discretion "should [be] exercise[d] . . .

with an understanding that the legislature has created the agency in order to afford a systematic method of fact-finding and policy-making and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention." *Id.* at 329, 265 N.W.2d at 565, quoting *Wisconsin Collectors,* 32 Wis. 2d at 45, 145 N.W.2d at 37.

Bell suggests that there are four valid reasons for judicial intervention in this case:

(i) the discretionary character of the administrative remedy available under [sec.] 227.41(1); (ii) the absence of a properly defined procedure for pursuing a declaratory ruling from the Department and for appealing it, if necessary; (iii) the futility of pursuing a declaratory ruling in light of the Department's announcements regarding the taxability of billing and collection services; and (iv) the fact that the substantive issue on which the court below was asked to rule involves a question of statutory interpretation and not a determination of complex factual issues.

[7]

As to the first, Bell complains that because sec. 227.41(1), Stats., says that the agency "may" issue a declaratory ruling upon petition, there is no guarantee that the department will actually rule on the issue. We agree with the department that the discretionary nature of the administrative remedy does not require the court to accept the case under the primary jurisdiction rule. Indeed, the supreme court in *Sawejka* had no difficulty sustaining the trial court's decision to defer to the tax agency under similar facts and the same "discretionary" declaratory judgment procedure.[5]

---

[5]Even so, as it acknowledged at argument, Bell could have paid the tax, or a portion thereof, and claimed a refund on grounds that the services were not taxable. Once such a claim is

Bell's assertion that the trial court erred in not asserting its jurisdiction because the procedures for seeking and appealing an agency declaratory ruling under sec. 227.41, Stats., are "poorly defined" is similarly unavailing. The statute outlines the form a petition for a ruling should take and states where and how it should be filed. Secs. 227.41(2) and (3). It also requires the agency to act upon the petition within a reasonable time after receipt and specifically provides that the agency's ruling "shall be subject to review in the circuit court in the manner provided for the review of administrative decisions." Secs. 227.41(1) and (4). We do not agree with Bell that the procedures are so "vague and confusing" that the court, not the agency, should have primary jurisdiction over the issues raised in this case.

Nor can we agree that petitioning the agency for a ruling would be "futile" in light of the statement in the department's 1988 newsletter as to the taxability of the services in question. First, as indicated above, the statute has been changed since the newsletter was issued. Second, the department's statement was not a formal opinion or ruling and made no reference to specific facts. It is, in short, a nonbinding, nonspecific statement made unofficially in a department newsletter; and we do not believe that the mere fact that it was made—especially in light of its "informal" nature—so binds the department as to render any request for a declaratory ruling on the subject so "futile" as to warrant bypassing the agency. As indicated, the department has made no such

made, the department is required to determine whether the refund is due; and its decision is appealable to the tax appeals commission, and from there to the circuit court, under secs. 77.59(4) through (6), Stats.

assessments in the three years since the newsletter item appeared.

Bell's final reason for judicial intervention is that the case does not involve "complex factual issues" but only a simple question of "statutory interpretation," which, presumably, it feels the court is equally, if not more, able to resolve. The argument ignores the well-defined and well-recognized policymaking role of the department and commission in the administration of ch. 77, Stats. As the supreme court noted in *Sawejka:*

> The legislature . . . created the tax appeals commission to afford a systematic method of fact-finding *and policy formation* under the Wisconsin tax laws. Uniform application of our tax laws is an admirable and necessary legislative and administrative goal. The courts should not unnecessarily interject themselves into this process. *Id.,* 56 Wis. 2d at 80–81, 201 N.W.2d at 533 (emphasis added).

■ Whether the factual issues are complex or simple, the agency has a role in the formation of tax policy and the application and administration of the tax laws that deserves deference in a case such as this. Bell has not persuaded us that the trial court's decision to defer to the department was in any sense an abuse of discretion.

*By the Court.*—Order affirmed.