ASSOCIATION OF CAREER EMPLOYEES, an unincorporated association, Wynn Davies, and Lloyd Riddle, Plaintiffs-Appellants,

v.

James R. KLAUSER, Secretary of the Department of Administration, Gerald Whitburn, Secretary of the Wisconsin Department of Health and Human Services, Ronald R. Fiedler, Secretary of the Wisconsin Department of Transportation, Ervin Conradt, Commissioner of Transportation, Robert H. Thompson, Administrator of the Division of Emergency Government, Jon E. Litscher, Secretary of the Wisconsin Department of Employment Relations, Robert Lavigna, Administrator of the Division of Merit Recruitment and Selection of the Wisconsin Department of Employment Relations, Defendants-Respondents.†

Court of Appeals

*No. 94–0632. Oral argument February 9, 1995.—Decided June 29, 1995.*

(Also reported in 536 N.W.2d 478.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Richard Thal* and *Cheryl Rosen Weston* of *Cullen, Weston, Pines & Bach* of Madison. There was oral argument by *Richard Thal*.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Charles D. Hoornstra*, assistant attorney general, of Madison. There was oral argument by *Charles D. Hoornstra*.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   The Association of Career Employees, an unincorporated professional association of active and retired career state employees, and two indi-

vidual Wisconsin taxpayers appeal from an order dismissing their action seeking to have several appointments to state offices declared invalid for violating state civil service laws. We reverse the order.

The plaintiffs brought this action for declaratory judgment in circuit court seeking a determination that the named defendants—heads of various state agencies—violated state civil service laws and regulations when they hired several aides and assistants. Specifically, the trial court described plaintiffs' action as one alleging "conduct on the part of the defendants purportedly designed to undercut the civil service system in Wisconsin and create a patronage system under the guise of filling improperly designated 'project positions' with political cohorts."[1]

Under state civil service laws and regulations, an agency may create and fill "project positions" only where a temporary increase in workload causes an extraordinary need for the positions or where an agency undertakes a project that is not a regular agency function and which has an established probable termination date. Section 230.27(1), STATS. The plain-

---

[1] Plaintiffs challenged six specific appointments: (1) Department of Health and Social Services Secretary Gerald Whitburn's appointment of Ann Haney as "Assistant Administrator for Public Health Services"; (2) Whitburn's appointment of Stanley York as "Assistant to the Secretary"; (3) Department of Transportation Secretary Ronald R. Fiedler's appointment of William Jordahl as "Special Assistant to the Secretary"; (4) Commissioner of Transportation Ervin Conradt's appointment of Nicholas Trane II as "Agency Disposition Manager"; (5) Division of Emergency Government Administrator Robert H. Thompson's appointment of Janice Grunewald as "Program and Planning Analyst"; and (6) Thompson's appointment of Jayne E. Meyer as "Administrative Assistant."

tiffs claimed that the appointments did not fit either element of a project position but rather were "political patronage" appointments that violated established laws, rules and procedures regulating the creation and filling of project positions and the civil service laws in general.

Defendants moved to dismiss the action, arguing (among other things) that the issues raised were within the exclusive jurisdiction of the Wisconsin Personnel Commission.[2] The trial court, while believing the commission should be given the opportunity to resolve the parties' dispute because of the "factual and policy making issues implicated" by the plaintiffs' alleged actions, stated that it was unable to determine whether the commission would exercise jurisdiction in the case. As a result, the court decided to retain jurisdiction over the action and directed the plaintiffs to pursue their complaint before the commission, staying further court proceedings pending the commission's "jurisdictional decision."

As directed by the court, plaintiffs filed a "Request for Relief" with the commission, which essentially restated the allegations of their declaratory judgment complaint in circuit court. The request asked the commission to declare the appointments illegal and void and to enjoin defendants from committing violations of the civil service laws in the future.

---

[2] Defendants also argued that: (1) even if the trial court had concurrent jurisdiction over the subject matter of the action, it should defer to the "primary jurisdiction" of the commission; (2) the plaintiffs lacked standing to bring a constitutional challenge to the appointments; and (3) in any event, the complaint failed to state a claim upon which relief could be granted as to certain defendants.

Defendants moved to dismiss the agency proceeding, arguing that: (1) plaintiffs lacked standing to pursue their claims before the commission; (2) the controversy was moot because all of the challenged appointees had since left office; and (3) plaintiffs had not stated a claim for which the commission could provide relief.

The commission denied the motion, concluding that plaintiffs had standing to seek relief before the agency both as taxpayers under § 230.43(5), STATS.,[3] and as "interested persons" under the declaratory ruling statute, § 227.41, STATS.[4] The commission also rejected defendants' argument that the controversy was moot, noting that plaintiffs were not alleging "simple malfeasance" in failing to follow the civil service laws with respect to "an isolated transaction," but instead were claiming that the defendants were engaged in a pattern of recurring activity designed to circumvent the state civil service laws.[5]

---

[3] The statute, which we discuss in more detail below, provides generally that a taxpayer's right to sue to restrain payment of salaries for persons appointed to state office in violation of the civil services laws is not limited by the fact that the affected position is one that is not subject to merit selection under the law.

[4] Section 227.41, STATS., authorizes administrative agencies, "on petition by any interested person," to issue declaratory rulings "with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it."

[5] The commission did dismiss the proceedings against the Secretary of the Department of Administration, whose only apparent connection with the appointments was budgetary in nature, and the Secretary of the Department of Employment Relations, whose involvement in the matter was not "readily apparent" to the trial court.

Defendants then filed a second motion to dismiss, this time arguing that: (1) the commission could not consider the plaintiffs' "Request for Relief" because it had not been filed within thirty days of the contested appointments as required by § 230.44(3), STATS.;[6] and (2) the commission lacked authority to issue a declaratory ruling under § 227.41, STATS., as to the validity of the appointments or, alternatively, the commission should not exercise any discretion it did have to rule on the request.

Plaintiffs argued that defendants waived any timeliness challenge under § 230.44, STATS., by repeatedly arguing that the commission not only had exclusive jurisdiction over the matter but was better suited than the trial court to consider the issues in the case.

The commission granted defendants' motion to dismiss, concluding that plaintiffs' failure to file an "appeal" with the commission within thirty days of each challenged appointment deprived the commission of subject matter jurisdiction.[7]

---

[6] Section 230.44(1), STATS., provides in pertinent part as follows:

[T]he following are actions appealable to the commission . . . :
    (a)   [A] personnel decision . . . made by the administrator [of the division of merit recruitment and selection within the department of employment relations] or by an appointing authority under authority delegated by the administrator . . . .

Appeals under § 230.44(1), STATS., may not be heard by the commission unless "filed within 30 days after the effective date of the action, or within 30 days after the appellant is notified of the action, whichever is later . . . ." Section 230.44(3).

[7] As the trial court pointed out in its second decision, the issue is not the commission's subject matter jurisdiction but its competency to proceed under § 230.44, STATS., since the thirty-

The commission next considered whether it should entertain plaintiffs' request as one for a declaratory ruling under § 227.41, STATS. As we have noted, the commission had concluded earlier that plaintiffs had standing to pursue declaratory relief under § 227.41. This time, however, emphasizing that plaintiffs did not argue the merits of § 227.41 jurisdiction in response to defendants' second dismissal motion but instead claimed that defendants had waived any objection to such jurisdiction, the commission concluded that plaintiffs "have no interest in pursuing this matter here as a declaratory ruling proceeding" and dismissed the entire proceeding.[8]

Plaintiffs did not seek judicial review of the commission's decision under ch. 227, STATS., but returned

---

day deadline of the statute was not met. Lack of subject matter jurisdiction is the absence of "power to treat a certain subject matter at all," while a tribunal lacks competency to proceed with a matter where it "may treat the subject generally but [where] there has been a failure to comply with the conditions precedent necessary to acquire jurisdiction." *Heideman v. American Family Ins. Group*, 163 Wis. 2d 847, 859-60, 473 N.W.2d 14, 19 (Ct. App. 1991). *See also Brandt v. LIRC*, 160 Wis. 2d 353, 366-67, 466 N.W.2d 673, 678 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 480 N.W.2d 494 (1992), where we said, "[s]ubject matter jurisdiction [refers to] the power of a court to deal with the general issues involved in an action. . . . Competency to proceed is a narrower concept which addresses the power of the . . . courts to exercise their subject matter jurisdiction."

[8] The commission also declined to assert jurisdiction under § 227.42, STATS., which provides that "any person filing a written request with an agency for hearing shall have the right to a hearing which shall be treated as a contested case," concluding that the right to a hearing must be based on an injury caused by the commission itself.

to circuit court assuming that the court would, as indicated in its earlier decision, reassert its own jurisdiction over the declaratory judgment action in light of the commission's decision not to act in the matter.

Defendants responded with still another motion to dismiss, arguing again that the commission—which had just declined to assert jurisdiction in the case *on defendants' own motion*—had exclusive jurisdiction over the subject matter of the proceeding.[9]

The court ruled that because plaintiffs failed to appeal to the commission from each appointment within thirty days under § 230.44, STATS., and did not seek judicial review under ch. 227, STATS., of the commission's decision dismissing their request for relief, they were "prohibited from seeking review of the [defendants'] actions in [circuit] court" because they "failed to follow the statutorily prescribed route for review of [those] actions." Plaintiffs appeal from that decision.

The trial court's decision implicates three longstanding principles of administrative law and proce-

[9] Defendants renewed their argument that the case was moot. The court rejected the argument, concluding that, while it might be technically moot, the public interest in the subject matter of the dispute was sufficient to warrant hearing it. *See Stahovic v. Rajchel*, 122 Wis. 2d 370, 374, 363 N.W.2d 243, 245 (Ct. App. 1984). We agree. "[T]he general rule that a moot appeal will be dismissed is not adhered to unbendingly. If interests of a public character are asserted under conditions that are likely to be repeated, we may address the merits of an otherwise moot issue." *Id.* Like the trial court, we believe that, although the issues are technically moot as to the parties involved, "the issue is one of sufficient public character, interest and significance that it ought to be considered." *Id.*

610

dure: the "primary jurisdiction" rule, the "exhaustion-of-remedies" rule and the "exclusivity" rule.

The primary jurisdiction rule directs that where an administrative remedy is provided by statute, relief should first be sought from the appropriate administrative agency before bringing the matter to court. *State ex rel. Terry v. Traeger*, 60 Wis. 2d 490, 499, 211 N.W.2d 4, 9 (1973). It is a rule not of power or jurisdiction but of " 'comity,' " and is designed to promote " 'proper relations between the courts and administrative agencies' " by recognizing the expertise and policy-making functions of administrative agencies. *Wisconsin Bell, Inc. v. DOR*, 164 Wis. 2d 138, 144, 473 N.W.2d 587, 589-90 (Ct. App. 1991) (citations and quoted source omitted). The rule "asks the trial court to consider whether judicial or administrative action in the particular matter 'would best serve the ends of justice.' " *Id.*, 473 N.W.2d at 590 (quoted source omitted). And where the case is one within the agency's purview, the agency should hear the case first unless there is a valid reason for the court to intervene and exercise its jurisdiction. *Id.* The rule assumes concurrent jurisdiction in both the court and the agency and invokes the court's discretion to determine whether to defer to the agency in a particular case. *City of Brookfield v. Milwaukee Metro. Sewerage Dist.*, 171 Wis. 2d 400, 420, 491 N.W.2d 484, 491 (1992).

The exhaustion-of-remedies rule requires parties involved in administrative proceedings to complete those proceedings before going to court. *Nodell Inv. Corp. v. City of Glendale*, 78 Wis. 2d 416, 424, 254 N.W.2d 310, 315 (1977). Like the primary jurisdiction rule, "exhaustion" is a rule not of power or jurisdiction

but of comity and "judicial restraint." *Id.* It differs from the primary jurisdiction rule in that it is directed against attempts to seek judicial review of uncompleted administrative proceedings, whereas the primary jurisdiction rule applies in situations where there has been no prior resort to the administrative agency. *Id.* at 427 n.13, 254 N.W.2d at 316.

Finally, the exclusivity rule—like the others, a rule of "policy, convenience and discretion"[10]—provides that where administrative action has taken place, and where a statute sets forth a specific procedure for review of that action, the statutory remedy is exclusive and the parties cannot seek judicial review of the agency action through other means. *Id.* at 422, 254 N.W.2d at 314.

Plaintiffs argue first that the trial court erred in dismissing their action because they have the right as taxpayers to pursue their case in circuit court regardless of whether the personnel commission has jurisdiction over one or all aspects of the case, or whether administrative or other judicial remedies exist which they failed to pursue. They cite § 230.43(5), STATS., which provides as follows:

> The right of any taxpayer to bring any action to restrain the payment of compensation to any person appointed to . . . any office . . . in violation of this subchapter shall not be limited or denied by reason of the fact that the office . . . has been classified as, or determined to be, not subject to competitive examination; however, any judgment or injunction in any such action shall be prospective only, and

---

[10] *State ex rel. First Nat'l Bank v. M & I Peoples Bank*, 82 Wis. 2d 529, 542, 263 N.W.2d 196, 202 (1978).

shall not affect payments already made or due to such persons . . . .

██

We agree with the trial court that this section does not provide a special mechanism for taxpayer challenges to civil service appointments in circuit court. By its plain terms, it states simply that the right of a taxpayer to sue to restrain the payment of future compensation to persons appointed to office in violation of ch. 230, STATS., shall not be limited by the fact that the office involved is not subject to merit appointment—that is, not within the classified service.[11] The statute does not confer any special right of action.[12]

---

[11] Stated another way, the statute ensures that common-law taxpayer actions, when brought to enjoin the compensation of improperly appointed public officials, are not limited to appointments made under ch. 230, STATS., but apply to noncivil service (nonmerit) appointments as well.

[12] No statutory authorization is necessary for a "taxpayer's action." The right of a taxpayer to sue to restrain the alleged improper expenditure of public funds derives from the common law. "Of the right of resident tax payers to invoke the interposition of a court . . . to prevent an illegal disposition of [public] moneys . . . or the illegal creation of a debt . . . there is at this day no serious question. The right has been recognized by the state courts in numerous cases . . . ." *Crampton v. Zabriskie*, 101 U. S. 601, 609 (1880). In *Milquet v. Van Straten*, 186 Wis. 303, 306, 202 N.W. 670, 671 (1925), the Wisconsin Supreme Court, citing cases dating back to the 1880's, stated: "[I]t must be regarded as settled in this state that a taxpayer may maintain an action in his [or her] own behalf and in behalf of other taxpayers to recover back into the public treasury funds which have been illegally extracted therefrom." *See also Hart v. Ament*, 176 Wis. 2d 694, 699, 500 N.W.2d 312, 314 (1993); *Thompson v. Kenosha County*, 64 Wis. 2d 673, 680, 221 N.W.2d 845, 849 (1974).

We thus consider the merits of plaintiffs' challenges to the dismissal of their action.

Plaintiffs argue that both the commission and the circuit court erred in concluding that any relief either before the agency or in court was barred by the plaintiffs' failure to "appeal" the individual appointments to the commission under § 230.44, STATS., and/or to seek judicial review of the commission's decision dismissing their request for relief under ch. 227, STATS. We agree.

As the trial court itself recognized in rejecting the defendants' mootness argument—and as the commission noted in its decision:

> [P]laintiffs are not . . . alleging a simple failure on the part of defendants to follow the civil service code with respect to an isolated appointment. Rather, [they] seek a declaratory ruling that the defendants have engaged in a pattern or practice of recurring activity designed to circumvent the protections of the civil service system and to perpetuate a political patronage system in state employment.

We join in that characterization of the plaintiffs' action. It is much more than a challenge to one, or even a few, appointments. It seeks to have declared illegal what is alleged to be an intentional and systematic attempt to circumvent time-honored civil service laws for partisan political purposes. Section 230.44, STATS., on the other hand, appears to be designed to deal with appeals by employees from actions affecting their jobs, such as discharge,[13] reassignment,[14] reinstatement[15]

---

[13] *See Board of Regents v. Wisconsin Personnel Comm'n,* 103 Wis. 2d 545, 309 N.W.2d 366 (Ct. App. 1981) (appeal by probationary employee from decision to discharge him from job).

or promotion decisions.[16] While the statute's individualized appeal procedures may be available to persons other than the affected employees (a point we do not decide), they are, on their face, ill suited to the broad challenges mounted by the plaintiffs in this action.[17]

■

We conclude, therefore, that insofar as either the commission or the court, or both, based dismissal of the plaintiffs' actions on the "appeal" time limits in § 230.44, STATS., it was error to do so.

To the extent the trial court's decision is based on application of exhaustion or exclusivity principles to plaintiffs' failure to seek judicial review of the commission's decision not to entertain their "request for relief" under § 227.41, STATS., we reach a similar result.[18]

---

[14] See Basinas v. State, 104 Wis. 2d 539, 312 N.W.2d 483 (1981) (employee appeal from reassignment to position with lower maximum pay range).

[15] See Seep v. State Personnel Comm'n, 140 Wis. 2d 32, 409 N.W.2d 142 (Ct. App. 1987) (employee appeal from decision refusing reinstatement in violation of agreement to do so).

[16] See Cozzens-Ellis v. Wisconsin Personnel Comm'n, 155 Wis. 2d 271, 455 N.W.2d 246 (Ct. App. 1990) (employee appeal from denial of promotion).

[17] In this case, for example, six separate appeals would have to be taken—all within thirty days of each individual appointment. If the case had involved a dozen, or twenty or thirty appointments, an equal number of cases would have to be instituted, even though each one raised a single legal issue on brief and undisputed facts.

[18] We disagree with the trial court's remark that the commission dismissed the case "solely [because of] plaintiffs' failure to raise the issue within the prescribed time." Our reading of the commission's decision indicates that, in addition to believing that it lacked competency to proceed under the appeal provisions of § 230.44, STATS., it elected not to exercise its

We reject the notion that plaintiffs could not rely on the trial court's express reservation of jurisdiction over the declaratory judgment action. As we noted above, the court, stating that it was unable to determine whether the commission would "accept" or "assume" jurisdiction over the dispute, decided not to dismiss the lawsuit but instead to hold it in abeyance to "await the Commission's jurisdictional decision." The court stated:

> [If] the Personnel Commission . . . den[ies] jurisdiction . . . this court will continue jurisdiction. If . . . the Personnel Commission . . . accept[s] jurisdiction over the issues raised, I will dismiss this action. If the Personnel Commission accepts jurisdiction over some issues . . . and rejects jurisdiction over other issues . . . plaintiffs can seek relief on the rejected issues . . . in this action.

Highlighting the language in § 227.41(1), STATS., that an agency "*may* . . . issue a declaratory ruling" on petition of interested parties, the commission exercised the discretion implicit in the highlighted word, stating that it "*decline[d]* to proceed with this matter under § 227.41." (Emphasis added.) It did so for two reasons. First, the commission felt the plaintiffs' emphasis on "waiver" in its argument in response to defendants' second motion to dismiss signified a lack of interest in pursuing the request for a declaratory ruling on the merits. Second, the commission concluded that its decision would be of little consequence in any event because, under the terms of the trial court's decision to

jurisdiction—which it had earlier determined it possessed—under the declaratory ruling provisions of § 227.41, STATS.

send the case to the commission, the court itself would eventually pass on all the issues in the case.[19]

We are left with the situation, then, where the trial court, believing that an administrative agency might provide the best forum for resolution of the dispute but not knowing whether the agency would assume jurisdiction in the matter, directed the parties to take the case to the agency while expressly retaining its own jurisdiction over the action and holding the court case open "pending the administrative response." Meanwhile, the agency, apparently believing that the court would thus hear the issues regardless of whether the agency assumed jurisdiction over them, exercised its discretion by declining to do so. The commission's action—or inaction—left the plaintiffs in limbo, and we decline to interpose rules of exhaustion or exclusivity to defeat their claims.

The exclusive jurisdiction rule is, as we noted above, one of "policy, convenience and discretion." *State ex rel. First Nat'l Bank v. M & I Peoples Bank*, 82 Wis. 2d 529, 542, 263 N.W.2d 196, 202 (1978).

> [It] is based on the strong public interest in creating effective administrative agencies, in insuring finality of agency determinations and certainty in legal relations; in establishing orderly judicial processes; in preventing a multiplicity of suits; and in achieving economy of judicial time. Balanced against these considerations is a party's right to obtain a judicial forum and a just, equitable decision on the merits.

---

[19] The commission stated: "The Circuit Court's . . . memorandum decision states that the Court will resume jurisdiction over the companion court case in the event that this Commission denies jurisdiction. Therefore, apparently the issues raised in this proceeding will be heard before that Court."

*Id*. at 542-43, 263 N.W.2d at 202.

We do not believe that a party's failure to pursue judicial review of the agency's decision under ch. 227, STATS., should require dismissal of the prior declaratory judgment action that was itself stayed to permit the party to follow the court's specific instructions to determine whether the agency would accept jurisdiction in the matter. Not only would such a result close the courtroom doors to the plaintiffs after the court expressly left the doors open, but it would hinder rather than advance the policy considerations underlying the exclusivity rule and the ends of justice generally.

We therefore reverse the order of December 23, 1993, dismissing the plaintiffs' complaint and remand to the circuit court to allow the action to proceed.[20]

[20] We also reject defendants' argument that principles of "claim preclusion" (res judicata) prohibit plaintiffs from returning to circuit court for adjudication of their declaratory judgment action. The rule is that " 'a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings.' " *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995) (quoted source omitted). Claim preclusion bars a subsequent action by the plaintiff on the same claim or cause of action where there has been a prior valid and "final judgment *on the merits* in a court of competent jurisdiction." *Id*. at 551, 525 N.W.2d at 728 (emphasis added); *see DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983).

To the extent the commission's decision may be said to be "on the merits," it dismissed plaintiffs' request because of lack of competency to proceed. We have held that this was error. Beyond that, the commission elected not to exercise its jurisdiction under §§ 227.41 and 227.42, STATS., on the basis that the

*By the Court.*—Order reversed and cause remanded.

trial court would be considering such issues in the declaratory judgment action.

Additionally, we do not believe that claim preclusion principles should bar plaintiffs' claim where they could reasonably assume, on the basis of the trial court's own ruling, that the court would consider the issues they were raising should their overtures to the agency be rebuffed. *See Worthington v. Farmers Ins. Exch.*, 77 Wis. 2d 508, 519, 253 N.W.2d 76, 82 (1977) (claim preclusion is an equitable remedy that should not be applied where its application would bring about an inequitable result).

Finally, we reject defendants' argument that plaintiffs are "judicially estopped" from continuing their action in circuit court because they took an inconsistent position when they argued to the commission that *it* had jurisdiction to hear their claims. The rule of judicial estoppel is " 'intended to protect against a litigant playing "fast and loose with the courts" by asserting inconsistent positions.' " *State v. Fleming*, 181 Wis. 2d 546, 557-58, 510 N.W.2d 837, 841 (Ct. App. 1993) (quoting *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993)) (internal quoted source omitted). Not only do defendants live in a glass house with respect to this issue, having themselves argued vociferously both for and against the exercise of the commission's jurisdiction at various times during the court and agency proceedings, but it must be remembered that the trial court *ordered* the plaintiffs to take their claim to the commission. They simply followed suit. The rule of judicial estoppel " 'looks toward cold manipulation [of the judicial process],' " *id.* at 558, 510 N.W.2d at 841 (quoted sources omitted), and there is no evidence that plaintiffs have so acted in this case.