# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2020AP485

†Petition for Review filed

Complete Title of Case:

**WISCONSIN PROPERTY TAX CONSULTANTS, INC. AND WISCONSIN MANUFACTURERS AND COMMERCE, INC.,**

    **PLAINTIFFS-APPELLANTS,†**

  **V.**

**WISCONSIN DEPARTMENT OF REVENUE,**

    **DEFENDANT-RESPONDENT.**

---

| | |
|---|---|
| Opinion Filed: | June 2, 2021 |
| Submitted on Briefs: | November 23, 2020 |
| Oral Argument: | |

---

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Davis, J. |
| Concurred: | |
| Dissented: | |

---

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Shawn E. Lovell, Don M. Millis* and *Karla M. Nettleton* of *Reinhart Boerner Van Deuren S.C.*, Madison. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Colin T. Roth*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP485**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019CV226**

**IN COURT OF APPEALS**

WISCONSIN PROPERTY TAX CONSULTANTS, INC. AND WISCONSIN MANUFACTURERS AND COMMERCE, INC.,

 PLAINTIFFS-APPELLANTS,

 V.

WISCONSIN DEPARTMENT OF REVENUE,

 DEFENDANT-RESPONDENT.

 APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

 Before Neubauer, C.J., Reilly, P.J., and Davis, J.

¶1 REILLY, P.J. In 2017, the legislature enacted a new personal property tax exemption for "[m]achinery, tools, and patterns." WIS. STAT.

§ 70.111(27) (2017-18)[1]; 2017 Wis. Act 59, § 997J. Wisconsin Manufacturers and Commerce, Inc. (WMC), a business trade association, asked the Wisconsin Department of Revenue (DOR) to offer its interpretation of § 70.111(27) based upon hypothetical facts, arguing that DOR's application of § 70.111(27) violated statutory rulemaking procedures. WMC, unhappy with DOR's interpretation, filed a declaratory judgment action seeking a declaration that DOR's interpretation of § 70.111(27) is invalid.[2] The circuit court, pursuant to the primary jurisdiction doctrine, dismissed WMC's action deferring to the principle of administrative review and the expertise of the Wisconsin Tax Appeals Commission (TAC). We affirm as the circuit court's dismissal adheres to the legislature's statutory process of administrative review.

*Factual Background*

¶2 In January 2018, WMC sent a letter to DOR expressing its interpretation of WIS. STAT. § 70.111(27),[3] providing DOR with a hypothetical fact

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] WMC was joined by Wisconsin Property Tax Consultants, Inc., in filing the declaratory judgment action. We will refer to the appellants as WMC.

[3] WISCONSIN STAT. § 70.111(27), addressing "[m]achinery, tools, and patterns," provides the following exemption from property taxes:

> (a) In this subsection, "machinery" means a structure or assemblage of parts that transmits force, motion, or energy from one part to another in a predetermined way by electrical, mechanical, or chemical means. "Machinery" does not include a building.

situation,[4] and asking DOR to provide its interpretation of § 70.111(27) in light of the hypothetical facts. DOR's answer did not align with WMC's interpretation, prompting WMC to seek a declaration from the courts that (1) DOR's interpretation and application of § 70.111(27) is an unpromulgated administrative rule in violation of statutory rulemaking procedures; (2) DOR's administration of § 70.111(27) conflicts with state law; and (3) DOR's interpretation violates "uniformity, due process, equal protection, and the prohibition against government taking of private property for public use without just compensation" under both the United States and Wisconsin Constitutions. Cross-motions for summary judgment were filed. The circuit court chose, under the primary jurisdiction doctrine, to not assume jurisdiction, concluding that initial review should be with the TAC.

*Standard of Review*

¶3     A circuit court's dismissal on primary jurisdiction grounds is reviewed for an erroneous exercise of discretion. *City of Brookfield v. Milwaukee Metro. Sewerage Dist.*, 171 Wis. 2d 400, 420, 491 N.W.2d 484 (1992); *see also Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶¶38, 41, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). Where resolution of disputed issues rests on "hypothetical or future facts" we generally decline to rule so as to avoid rendering advisory opinions.

---

(b) Beginning with the property tax assessments as of January 1, 2018, machinery, tools, and patterns, not including such items used in manufacturing.

(c) A taxing jurisdiction may include the most recent valuation of personal property described under par. (b) that is located in the taxing jurisdiction for purposes of complying with debt limitations applicable to the jurisdiction.

[4] The hypothetical advanced by WMC involved "a forklift used by a manufacturer for inventory management and warehousing."

*Tammi v. Porsche Cars N. Am., Inc.*, 2009 WI 83, ¶3, 320 Wis. 2d 45, 768 N.W.2d 783 (citation omitted).

*Primary Jurisdiction Doctrine*

¶4    The primary jurisdiction doctrine, also known as the prior resort rule, applies "when an administrative agency and the circuit court both have jurisdiction over an issue, the circuit court has the discretion to defer to the agency to resolve the issue." *Butcher*, 298 Wis. 2d 468, ¶38; *Nodell Inv. Corp. v. Glendale*, 78 Wis. 2d 416, 427 n.13, 254 N.W.2d 310 (1977). It applies where there has been an absence of a formal proceeding before the agency. *Nodell*, 78 Wis. 2d at 427 n.13.

> The doctrine is based on the principle that "[a]dministrative agencies are designed to provide uniformity and consistency in the fields of their specialized knowledge [and] [w]hen an issue falls squarely in the very area for which the agency was created, it is sensible to require prior administrative recourse before a court decides the issue."

*Butcher*, 298 Wis. 2d 468, ¶38 (alterations in original; citation omitted). We are to exercise our jurisdiction "with the understanding that the legislature created the agency in order to afford a systematic method of fact finding and policymaking and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention." *Id.* (citation omitted); *see also City of Brookfield*, 171 Wis. 2d at 421; *Wisconsin Bell, Inc. v. DOR*, 164 Wis. 2d 138, 144, 473 N.W.2d 587 (Ct. App. 1991).

¶5    Here, the TAC is the administrative body with concurrent jurisdiction. Our legislature has declared that the TAC is "the final authority for the hearing and determination of all questions of law and fact arising under" the tax code, subject to judicial review, WIS. STAT. § 73.01(4)(a); *DOR v. Menasha Corp.*, 2008 WI 88, ¶40, 311 Wis. 2d 579, 754 N.W.2d 95; *Sawejka v. Morgan*, 56 Wis. 2d 70, 75, 201

N.W.2d 528 (1972), and is "an independent tribunal exercising quasi-judicial functions,"[5] *Sawejka*, 56 Wis. 2d at 76; *see also* **State ex rel. Thompson v. Nash**, 27 Wis. 2d 183, 195, 133 N.W.2d 769 (1965). Taxpayers—as specific to this case, manufacturers—who dispute a tax assessment must bring their complaints to the TAC. *See* WIS. STAT. § 70.995(8). Any aggrieved party may seek judicial review of a determination by the TAC in circuit court. *See* WIS. STAT. §§ 70.995(9); 73.015.

¶6 Our case law fully supports application of the primary jurisdiction doctrine in cases involving the interpretation of the state tax code. In *Sawejka*, the circuit court declined to assume jurisdiction where the taxpayers claimed that DOR improperly applied a retail sales tax law to the taxpayers' business. *Sawejka*, 56 Wis. 2d at 79-80. The court noted that there was "no administrative proceeding under way to establish the validity or constitutionality of such a determination," and the question "is whether the court or the [TAC] should make the initial decision as to the validity or constitutionality of applying [the retail sales tax law] to plaintiffs' business." *Id.* Concluding that the taxpayers had not shown "any valid reason for the intervention of the courts" and recognizing the existence of "many factual issues as to the application of" the retail sales tax law, our supreme court concluded that the circuit court did not erroneously exercise its discretion. *Id.* at 80-81. According to the court, "[u]niform application of our tax laws is an admirable and necessary legislative and administrative goal. The courts should not unnecessarily interject themselves into this process." *Id.*

---

[5] While **Tetra Tech EC, Inc. v. DOR**, 2018 WI 75, ¶108, 382 Wis. 2d 496, 914 N.W.2d 21, holds that we give no deference to an agency's conclusion on matters of law, we still follow the legislature's statutory mandate of administrative review.

5

¶7    In *Butcher*, plaintiffs brought claims on behalf of themselves and all others alleging that Ameritech Corporation collected sales tax on services that did not fall under telecommunication services. *Butcher*, 298 Wis. 2d 468, ¶1.  We affirmed the circuit court's dismissal under the primary jurisdiction doctrine as "DOR is charged with administering the tax laws of the state, WIS. STAT. § 73.03(1), and the [TAC] has 'the final authority for the hearing and determination of all questions of law and fact' arising under the tax laws …." *Id.*, ¶41 (citing WIS. STAT. §§ 73.01(4)(a); 73.015(1) (2003-04)).  We found that deferral to the administrative agency under the primary jurisdiction doctrine is appropriate when an issue of statutory construction is inextricably interwoven with issues that may require an understanding of subjects within the expertise of the agency. *Id.*, ¶¶41-43.

¶8    Similarly, in *Wisconsin Bell*, Bell sought a declaratory judgment that billing services provided by Bell to AT&T were not subject to sales tax. *Wisconsin Bell*, 164 Wis. 2d at 140-41.  The circuit court dismissed the action, deferring to the administrative remedy available to Bell. *Id.* at 141.  We affirmed, citing to *Sawejka* for the proposition that the legislature created the TAC "to afford a systematic method of fact-finding *and policy formation* under the Wisconsin tax laws" and that "[t]he courts should not unnecessarily interject themselves into this process." *Wisconsin Bell*, 164 Wis. 2d at 147 (citation omitted).  "Whether the factual issues are complex or simple, the agency has a role in the formation of tax policy and the application and administration of the tax laws that deserves deference in a case such as this." *Id.*

¶9    At its core, WMC's issue involves the construction and application of WIS. STAT. § 70.111(27) to certain manufacturing property.  WMC argues that the TAC has no jurisdiction to consider rulemaking and constitutional claims and, accordingly, there was no concurrent jurisdiction and the primary jurisdiction

doctrine would not apply. *See **Warshafsky v. Journal Co.***, 63 Wis. 2d 130, 147, 216 N.W.2d 197 (1974) (discussing the general rule that administrative agencies have no power to declare state laws unconstitutional).

¶10   WMC's constitutional claim is that DOR's *application* of WIS. STAT. § 70.111(27) violates the Uniformity Clause of the Wisconsin Constitution (as opposed to being a facial challenge) and that DOR's response to WMC's hypothetical fact pattern is an "unpromulgated rule." WMC provides no statutory authority or case law indicating that the TAC cannot evaluate whether DOR's *administration* of a statute violates the uniformity clause. Instead, our case law gives the courts, under the primary jurisdiction doctrine, the discretion to defer to the administrative agency for initial review.

¶11   In ***Metz v. Veterinary Examining Board***, 2007 WI App 220, ¶1, 305 Wis. 2d 788, 741 N.W.2d 244, Metz sought a declaration that WIS. STAT. § 453.02(8) (2005-06) was void for vagueness as applied to him and that the Veterinary Examining Board was applying a rule to him without it being properly promulgated. Metz argued, similarly to this case, that he was entitled to pursue his claims for declaratory and injunctive relief in the circuit court. ***Metz***, 305 Wis. 2d 788, ¶10. While we recognized that administrative agencies have no power to declare state laws unconstitutional, we noted that Metz was not arguing that the statute was unconstitutional on its face, only that it was unconstitutionally vague as applied to him. ***Id.***, ¶21.

¶12      We concluded that the doctrine of exhaustion of administrative remedies[6] applied to preclude Metz from interrupting the administrative process even when a claim is phrased in constitutional terms, explaining that an "as-applied" constitutional claim necessarily involves fact-finding which involves an agency's expertise and policy judgments in applying the statute. *Id.*, ¶¶21, 27; *see also Sawejka*, 56 Wis. 2d at 73, 80 (applying the primary jurisdiction doctrine where question was whether it is "within the jurisdiction of the [TAC] to render a declaratory judgment concerning the applicability and *constitutionality* of [the tax statute] as applied to plaintiffs' business" (emphasis added)); *Hogan v. Musolf*, 163 Wis. 2d 1, 21-22, 471 N.W.2d 216 (1991) ("The agencies would become ineffectual if they lost their authority to review a case every time a constitutional claim was asserted."); *see also Omernick v. DNR*, 100 Wis. 2d 234, 247-48, 301 N.W.2d 437 (1981) (noting that "constitutional questions may arise under other circumstances where an administrative agency does have authority to deal with them" and explaining that even where constitutional issues arise that an "administrative agency is not empowered to resolve," parties "must raise known issues and objections … [to] develop[] a record that is as complete as possible in order to facilitate subsequent judicial review").

¶13      In the case before us, the TAC "has the authority to provide the relief requested without invalidating the [statute]" as unconstitutional and WMC's "as applied" constitutional claim would also require fact-finding, which is squarely within the administrative review process. *See Metz*, 305 Wis. 2d 788, ¶21.

---

[6] The exhaustion of administrative remedies doctrine, which applies where the administrative action has not been completed, and the primary jurisdiction doctrine, applicable when there has been no administrative proceeding, are related principles. *Metz v. Veterinary Examining Bd.*, 2007 WI App 220, ¶12, 305 Wis. 2d 788, 741 N.W.2d 244; *see also Sawejka v. Morgan*, 56 Wis. 2d 70, 79-80, 201 N.W.2d 528 (1972); *Nodell Inv. Corp. v. City of Glendale*, 78 Wis. 2d 416, 427 n.13, 254 N.W.2d 310 (1977).

Accordingly, the circuit court did not erroneously exercise its discretion in dismissing WMC's constitutional claims on primary jurisdiction grounds.

¶14   The same is true for WMC's rulemaking claims. WMC's entire argument rests on its position that DOR is required to create an administrative rule to interpret WIS. STAT. § 70.111(27), that it has created such a rule by "Secretary Chandler's letter [which] is a standard or statement of policy that was issued by the Department to interpret" the statute, but it has failed to promulgate the rule appropriately. There is no dispute that DOR has not promulgated a rule addressing § 70.111(27). This is not the question before us, however. The question is whether the TAC has authority to review a claim that DOR interpreted and applied a statute under the tax code improperly, either under its plain language or through application of a rule, promulgated properly or not.

¶15   The *Metz* case is again instructive as it also addressed rulemaking claims. There, we clearly stated that "[w]hether an agency has applied a rule without promulgating it as required by WIS. STAT. § 227.10(1) is an issue that an administrative agency has the authority to rule on." *Metz*, 305 Wis. 2d 788, ¶29 (citing *Heritage Credit Union v. Office of Credit Unions*, 2001 WI App 213, ¶¶27-28, 247 Wis. 2d 589, 634 N.W.2d 593). For the same reasons the exhaustion doctrine applied to Metz's constitutional claim, the doctrine also applied to his rulemaking claim.[7] *Id.*

---

[7] We reject WMC's argument that WIS. STAT. § 73.01(4)(a), which does not expressly mention rulemaking, effectively strips the TAC of concurrent jurisdiction to consider rulemaking challenges for several reasons. WMC fails to address the "broad" language providing the TAC with authority to address "all questions of law" arising under the tax code. *See Sawejka*, 56 Wis. 2d at 75. Whether DOR administers WIS. STAT. § 70.111(27) in a way that requires administrative rulemaking is a "question of law" arising under the tax code.

¶16    What we have before us in this case is one hypothetical example involving property not actually owned by WMC.  At the time of the circuit court's decision in this case, there were no decisions from TAC applying the statute to specific, real-world pieces of machinery that DOR allegedly taxed improperly and WMC presented none, instead presenting only a letter suggesting how DOR may apply the exemption.  In contrast, over fifty cases involving specific factual issues were before the TAC at the time of briefing, and as DOR argues, "[t]hat both makes the job of interpreting the relevant tax exemption statutes easier and allows the [TAC] to issue a more precise decision about their scope."  Further, since briefing concluded in this case, at least one decision addressing WIS. STAT. § 70.111(27) has been reached by TAC.  *See Masters Gallery Foods, Inc. v. DOR*, No. 19-M-067 (Sept. 8, 2020).

## *Conclusion*

¶17    The TAC clearly has concurrent jurisdiction over WMC's constitutional and rulemaking claims.  Relief should first be sought from the administrative agency before bringing it to the courts.  WMC presents no valid reason for us to intervene at this stage.  The role of the TAC is to consider tax cases presenting questions just such as this, and we do not agree that the intent of the

---

WMC's argument that WIS. STAT. § 227.40(4)(a) effectively precludes concurrent jurisdiction because it only mentions review in the circuit court, is equally unavailing, as the overarching statutory structure clearly contemplates circuit court review of administrative decisions that have addressed rulemaking, something the case law makes clear can and should be done. *See Metz*, 305 Wis. 2d 788, ¶29 (board had authority to rule on whether the agency had applied a rule without promulgating it as required by WIS. STAT. § 227.10(1) (2005-06), even though nothing in the disciplinary statute at issue mentioned the agency's authority to do so); *Heritage Credit Union v. Office of Credit Unions*, 2001 WI App 213, ¶¶27-28, 247 Wis. 2d 589, 634 N.W.2d 593 (applicable statute did not expressly provide that the Credit Union Review Board could consider rulemaking arguments, yet we held that such arguments had to be made to the Board in order to be raised in a judicial review proceeding under § 227.40(2)(e) (1999-2000)).

legislature was to create a backdoor by which parties may avoid the TAC by pleading rulemaking and constitutional claims in a case whose clear focus is the scope of tax law statutes such as WIS. STAT. § 70.111(27).  Accordingly, the circuit court did not erroneously exercise its discretion in applying the primary jurisdiction doctrine and dismissing this case.  We affirm.

*By the Court.*—Order affirmed.