McEWEN, Plaintiff-Respondent, v. PIERCE COUNTY, Defendant: PIERCE COUNTY COURTHOUSE EMPLOYEES, LOCAL 556–A, AFSCME, AFL–CIO, Defendant-Appellant.

Supreme Court

*No. 78–126. Submitted on briefs May 2, 1979.—Decided June 12, 1979.*
(Also reported in 279 N.W.2d 469.)

258

For the appellant the cause was submitted on the briefs of *Bruce F. Ehlke* and *Lawton & Cates* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John D. Niemisto,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. Pierce County Courthouse Employees, Local 556–A, AFSCME, AFL–CIO (Local 556–A) seeks a determination that the circuit court abused its discretion in denying Local 556–A's motion to defer the circuit court declaratory judgment proceeding so that the Wisconsin Employment Relations Commission (WERC) might first issue a declaratory ruling. The court of appeals denied William E. McEwen's motion to dismiss the appeal and summarily affirmed the order of the circuit court denying Local 556–A's motion to defer to the WERC. We affirm the order of the circuit court.

I.

At all relevant times a collective bargaining agreement existed between Pierce County and Local 556–A, AFSCME. This agreement was entered into pursuant to the provisions of the Municipal Employment Relations Act, secs. 111.70–111.77, Stats. Under the agree-

ment, the position of register in probate is included in the bargaining unit represented by Local 556–A. In August, 1977, William E. McEwen, County Judge of Pierce County, filled a vacancy in the position of register in probate, pursuant to sec. 253.31(1), Stats.,[1] without following the terms of the bargaining agreement for filling a vacancy in this position.

Local 556–A filed a grievance with Pierce County. On October 3, 1977, McEwen commenced an action against Local 556–A and Pierce County in the circuit court for Pierce County for a declaratory judgment pursuant to sec. 806.04(1), Stats.,[2] asking the circuit court to

"make a binding declaration that the register in probate is an officer of the court pursuant to sec. 865.065, Stats., and that the position cannot be properly included in a bargaining unit because that person is not a 'municipal employe' as defined in sec. 111.70(1)(b), Stats., and that the constitutional concept of separation of powers allows a county judge to appoint a register in probate pursuant to sec. 253.31(1), Stats., without complying with the terms of a collective bargaining agreement to which the court is not a party."

On November 3, 1977, Local 556–A, seeking a declaratory ruling pursuant to sec. 227.06, Stats.,[3] filed a peti-

[1] Sec. 253.31(1), Stats. 1975:

"253.31 **Appointment and compensation of registers in probate.** (1) In each county, the county judge, or in multibranch courts the judge of branch No. 1 shall appoint and may remove a register in probate, who, before entering upon his duties, shall take and subscribe the constitutional oath of office and file it, together with the order of appointment, in the office of the clerk of circuit court."

(Renumbered sec. 851.71, Stats., 1977.)

[2] Sec. 806.04(1), Stats., provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed . . . ."

[3] Sec. 227.06(1), Stats., provides:

"(1) Any agency may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any

tion with the Wisconsin Employment Relations Commission (WERC) requesting the WERC to:

". . . declar[e] its rights relative to the provisions of Sec. 111.70, Wis. Stat., and the terms and conditions of the Agreement bargained pursuant thereto, and in particular Article 5, Section 3 of that Agreement as they relate to Sec. 253.31(1), Wis. Stat., affirming the validity and enforceability of said provisions as they concern the posting of a vacancy in the Register of Probate position and appointment to such a vacancy of a County employee and member of the bargaining unit represented by Local 556–A . . . ."

McEwen filed a motion with the WERC to dismiss or stay the proceedings before WERC, because of the pendency of this action in circuit court. By order and memorandum dated January 17, 1978, WERC indefinitely stayed the petition of Local 556–A pending the outcome of the action in the circuit court, stating: ". . . the Circuit Court case filed by Judge McEwen involves the same issue of statutory construction as the petition for declaratory ruling filed by Local 556–A. It is the Commission's policy not to assert its jurisdiction over issues which also have been submitted to a court, even though the Commission may have primary jurisdiction over the issue. It is for the court to decide whether to honor the Commission's primary jurisdiction."

person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions."

Sec. 227.06, Stats., does not afford a declaratory ruling as a matter of right. The statute says that the WERC "may" issue a declaratory ruling. We have construed the word "may" in the context of sec. 227.06 as making it discretionary as to whether the agency will issue a declaratory ruling. *Wisconsin Fertilizer Assoc. v. Karns*, 39 Wis.2d 95, 107, 158 N.W.2d 294 (1968).

Local 556–A then served and filed a motion with the circuit court to defer proceedings pending the WERC decision. The circuit court, in a decision and order dated June 23, 1978, and entered June 28, 1978, denied Local 556–A's motion to defer. The circuit court determined that both it and the WERC had jurisdiction over the subject matter of the case; that a question of primary jurisdiction was raised by Local 556–A's motion to defer; and that because McEwen's action raised issues of constitutional law and statutory construction rather than factual issues, the circuit court should exercise its jurisdiction over the matter.

On August 3, 1978, Local 556–A filed at Pierce County Circuit Court a notice of appeal from the order of June 28, 1978 and an affidavit of service. The notice and affidavit were received by the clerk of the court of appeals on August 3, 1978, and were filed on August 9, 1978. McEwen made a motion to dismiss the appeal and for summary affirmance of the circuit court order under sec. 809.21, Stats. In his motion to dismiss, McEwen asserts that the order of June 28, 1978, was not a final order disposing of the entire matter and that Local 556–A failed to seek leave of the court of appeals to appeal the order pursuant to Rule 809.50 within ten days of entry of that order.

On September 20, 1978, the court of appeals entered a decision and order denying McEwen's motion to dismiss Local 556-A's appeal and granting his motion for summary affirmance. The court of appeals found that the order of June 28, 1978, was appealable as an order deciding a question of jurisdiction under sec. 817.33 (3) (f), Stats. 1975. The court of appeals concluded that the circuit court did not abuse its discretion in exercising its jurisdiction over McEwen's action, because that action raised issues of constitutionality and statutory interpretation rather than issues of fact.

This court granted Local 556–A's petition to review the decision of the court of appeals. Secs. 808.10 and 809.62, Stats.[4] We affirm the order of the circuit court.

## II.

The order of the circuit court from which the appeal is taken was entered on June 28, 1978. On that date appeals were governed by the provisions of Ch. 817, Stats. 1975. Ch. 817, Stats. 1975, was repealed, effective August 1, 1978, by Ch. 187, Laws of 1977, secs. 118 and 138. To replace Ch. 817, the legislature enacted Ch. 808, Stats. 1977, which took effect on August 1, 1978. By order of this court, Ch. 809, Rules of Appellate Procedure, was also made applicable to all appeals and proceedings in the court of appeals and the supreme court as of August 1, 1978. 83 Wis.2d xiii–xlvi (1978).

Local 556–A's notice of appeal from the June 28, 1978, order was filed with the circuit court on August 3, 1978, and with the court of appeals on August 9, 1978, after chs. 808 and 809 took effect on August 1. Thus the circuit court order was entered before August 1, 1978, but the appeal process was started after August 1, 1978. The instant case straddles the date of repeal of Ch. 817 and the effective date of Chs. 808 and 809, and therein lies the problem.

McEwen asserts that because the notice of appeal was filed after August 1, 1978, the appeal in the case at bar is controlled by chs. 808 and 809, Stats., not by ch. 817, Stats. 1975; that under sec. 808.03(1), Stats., the circuit court order of June 28 is not a final order and

---

[4] Local 556–A has moved to correct the record by adding to the record those documents appended to Attorney Ehlke's affidavit dated March 1, 1979. We grant the motion to correct the record, and we have considered the added documents in reaching our decision on this appeal.

hence is not appealable to the court of appeals as of right; that Local 556–A should have filed a petition with the court of appeals within ten days of entry of the circuit court order seeking leave of the court of appeals to appeal the order (secs. 808.03 and 809.50, Stats.); and that because Local 556–A failed to file a petition for leave to appeal within the 10-day period, the instant appeal was not properly before the court of appeals and therefore is not now properly before this court.

Local 556–A maintains that because the order appealed from was entered before August 1, 1978, the appeal is controlled by ch. 817, Stats. 1975. Sec. 817.01, Stats. 1975, provides that the appeal be taken within three months from service of notice of entry of the circuit court order or six months from the date of entry of the order if no notice is served.[5] Local 556–A filed the appeal within this time period.

We conclude that ch. 817, Stats. 1975 is applicable to the instant appeal, and the time period provided by sec. 817.01, Stats. 1975, not the ten-day time period set forth in sec. 809.50, Rules of Appellate Procedure, governs the case at bar. This conclusion follows from the application of sec. 990.06, Stats., which provides:

---

[5] Sec. 817.01(1), Stats. 1975, provides:

"817.01 **Supreme court; writs of error and appeals; when taken.** (1) Except as otherwise provided the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry. If the person against whom a judgment is rendered is, at the time of the rendition thereof, either a minor or insane, or imprisoned on a criminal sentence, the time during which such disability shall continue except as to writs of error or appeals taken in actions authorized by ss. 75.39 to 75.50, not exceeding 10 years, shall not be reckoned as a part of said 3 or 6 months."

"990.06 **Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."[6]

McEwen argues that if the appeal is governed by ch. 817, Stats. 1975, then Local 556–A filed its appeal with the wrong court: the appeal should have been to the supreme court, not to the court of appeals.

Neither the statutes nor this court's order adopting ch. 809 addresses directly the question raised by McEwen in the instant case. However, the legislature in establishing the court of appeals expressed the general intent that on August 1, 1978, the court of appeals should replace the supreme court as the court to which appeals of judgments and orders are ordinarily directed in the first instance. To further this goal the legislature authorized this court to divert cases pending in this court on August 1st to the court of appeals, if the brief of the respondent was filed on or after April 1, 1978. Sec. 131, ch. 187, Laws of 1977. Thus the court of appeals was given authority to hear appeals filed in the supreme court and governed by ch. 817, Stats. 1975.

[6] Citing the title of sec. 990.06, Stats., McEwen contends that section applies only to "repeal or change of law limiting time for bringing actions," and therefore does not apply to the instant case, which involves repeal of a law limiting the time for appeal. The text of the statute is wider in its scope than the title. The statute's title cannot prevail over the language of the statute. *State v. Mahaney,* 55 Wis.2d 443, 449, 198 N.W.2d (1972).

In light of these expressions of legislative intent, we conclude that an appeal filed on or after August 1, 1978, though from a trial court order entered before August 1, 1978, is properly filed in the court of appeals, not in the supreme court.

We consider next whether the circuit court's order of June 28, 1978, is an appealable order under the provisions of ch. 817, Stats. 1975,[7] which we have previously said is applicable to the case at bar.

According to sec. 817.33(3)(f), Stats. 1975, an order which "decides a question of jurisdiction" is appealable. Local 556–A contends that the June 28 order, which decided a question of "primary jurisdiction," is an order which "decides a question of jurisdiction." We reject this contention.

Sec. 817.33(3)(f), Stats. 1975, was added to ch. 817 (then ch. 274) by supreme court order of September 1, 1956. 271 Wis. x (1956). The doctrine of "primary jurisdiction" was first recognized by this court ten years later in *Wisconsin Collectors Asso. v. Thorp Finance Corp.*, 32 Wis.2d 36, 145 N.W.2d 33 (1966). Thus it was not originally contemplated that the scope of the phrase "question of jurisdiction" was to extend to ques-

[7] The court of appeals denied McEwen's motion to dismiss the appeal, stating:

"With respect to the motion to dismiss, the court concludes that Sec. 808.03(1) as created by Sec. 117 of Ch. 187 of the Laws of 1977 is effective for judgments and orders entered on or after August 1, 1978. The order of the circuit court for Pierce County, the Honorable A. W. Parnell presiding, which is the subject of this appeal, was entered June 28, 1978. Section 817.33, Stats. (1975), repealed by sec. 118 of Ch. 187 of the Laws of 1977 effective August 1, 1978, was effective on June 28, 1978. Accordingly, Sec. 817.33, Stats., determines whether the order appealed from is an appealable order. In that the order appealed from decides a question of jurisdiction, it is an appealable order pursuant to Sec. 817.33(3)(f). The motion to dismiss is denied."

tions of "primary jurisdiction." This court has said that "the context of the order of this court which added this type of order to the list of appealable orders suggests that the court was primarily concerned with orders deciding a question of the court's jurisdiction over the person of a defendant." *Alsmeyer v. Norden,* 14 Wis.2d 451, 454, 111 N.W.2d 507 (1961). However sec. 817.-33(3)(f), Stats. 1975, "has been interpreted by this court to include orders determining subject-matter jurisdiction as well as personal jurisdiction." *Klotz v. Wathen,* 31 Wis.2d 19, 23, 24, 142 N.W.2d 197 (1966).

In the instant case neither McEwen nor Local 556–A has contested the personal jurisdiction of the trial court over the parties. Nor has either party disputed that the trial court has jurisdiction over the subject matter of the case at bar. *See Wisconsin Fertilizer Asso. v. Karns,* 39 Wis.2d 95, 107, 108, 158 N.W.2d 294 (1968).

A question of primary jurisdiction arises only when both an administrative agency and a court have jurisdiction over the subject matter of a dispute. *Browne v. Milwaukee Board of School Directors,* 69 Wis.2d 169, 175, 230 N.W.2d 704 (1975). The decision for the circuit court in a case involving the doctrine of primary jurisdiction is not whether the court has jurisdiction but whether it should exercise its discretion to retain jurisdiction. By contrast, a circuit court's decision as to whether it has jurisdiction over the parties or the subject matter is not a matter of discretion.

We conclude that the court's exercise of discretion to hear the instant case is not a decision of a "question of jurisdiction" as that phrase is used in sec. 817.33(3)(f), Stats. 1975, and the circuit court's order of June 28, 1978, is not appealable under sec. 817.33(3)(f), Stats. 1975. Nevertheless, under the circumstances of this case

we conclude that this court can and should decide the issue raised by the parties. This court can review the circuit court's order by the exercise of its "superintending . . . authority over all courts." Art. VII, sec. 3, Wis. Const. The power of superintending control is exercised in order to "restrain the excesses and quicken the neglects of inferior courts in the absence of other remedy." *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson,* 103 Wis. 591, 618, 79 N.W. 1081 (1899).[8] This court will not exercise its superintending power where there is another adequate remedy, by appeal or otherwise, for the conduct of the trial court, or where the

[8] In *State ex rel. Reynolds v. County Court,* 11 Wis.2d 560, 564, 105 N.W.2d 876 (1960), we described our superintending power as follows:

"Sec. 3, art. VII, Const., grants three separate powers to this court: Appellate jurisdiction, general superintending control over all inferior courts, and the power to issue the 'high writs' and other original and remedial writs. The nature and scope of the superintending power of this court has been discussed and explained from the earliest times. *Attorney General v. Blossom* (1853), 1 Wis. 277 (*317); *Attorney General v. Railroad Companies* (1874), 35 Wis. 425; *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson* (1899), 103 Wis. 591, 79 N.W. 1081; *State ex rel. Umbreit v. Helms* (1908), 136 Wis. 432, 118 N.W. 158. The rule established in these cases is well stated in *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson,* page 618:

" '. . . the constitutional grant of superintending control over all inferior courts vested in this court an independent and separate jurisdiction enabling and requiring it, upon sufficient occasion, by the use of all proper and necessary writs to promptly restrain the excesses and quicken the neglects of inferior courts in the absence of other adequate remedy, . . .' "

*See also* Wickhem, *The Power of Superintending Control of the Wisconsin Supreme Court,* 1941 Wis. L. Rev. 153; sec. 809.51, Stats.; Martineau & Malmgren, *Wisconsin Appellate Practice* ch. 29 (1978).

The court of appeals is granted "supervisory authority over all actions and proceedings in the courts in the district." Art. VII, sec. 5, Wis. Const.

conduct of the trial court does not threaten seriously to impose a significant hardship upon a citizen. *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 234, 87 N.W. 1107 (1901); *Newlander v. Riverview Realty Co.,* 238 Wis. 211, 225, 298 N.W. 603 (1941).

Although the parties characterize this matter as an appeal, this court can look to the substance of the matter and treat the proceeding as one seeking the court's exercise of its superintending authority. Conway, *Wisconsin & Federal Civil Procedure* sec. 71.01, ch. 73 (2d ed. 1976). Although this superintending power is often exercised by the writs of mandamus, prohibition, and certiorari, we have said that in exercising the superintending power this court is not limited to the use of common-law writs and is limited only by the necessities of justice. This court may use common law writs as are applicable or expand the ordinary use of such writs to meet the exigencies of the case before it. *State ex rel. Reynolds v. County Court,* 11 Wis.2d 560, 565, 105 N.W.2d 876 (1960).

We conclude that this court should reach the merits of the issue presented pursuant to its superintending authority. For this court to decline to reach the issue of primary jurisdiction and to tell the parties that they may raise the issue again at a later stage of the proceedings would be to cause delay, additional expense, and unnecessary multiplicity of appeals. And, as Local 556–A notes, appeal at a later stage may be an inadequate remedy. The court of appeals has determined the question of primary jurisdiction, concluding that the trial court did not abuse its discretion. This court has granted Local 556–A's petition to review the decision of the court of appeals. The issue of primary jurisdiction has been thoroughly briefed by the parties

in this court, and there is an adequate record for review. We therefore shall review the circuit court's order denying Local 556–A's motion to defer to the WERC.

## III.

The circuit court and the WERC have concurrent jurisdiction in the instant case.

When the court and agency have concurrent jurisdiction, the question of primary jurisdiction is at issue. The question on review is whether the trial court abused its discretion in retaining jurisdiction. *Sawejka v. Morgan*, 56 Wis.2d 70, 79, 201 N.W.2d 529 (1972); *Browne v. Milwaukee Bd. of School Directors*, 69 Wis.2d 169, 175, 230 N.W.2d 704 (1975); *Browne v. Milwaukee Bd. of School Directors*, 83 Wis.2d 316, 328, 265 N.W.2d 559 (1978).

This court has in numerous cases discussed the doctrine of primary jurisdiction and distinguished those issues best left to the agency from those best left to the court. We have said that where factual issues are significant the better course may be for the court to decline jurisdiction; where statutory interpretation or issues of law are significant, the court may properly choose in its discretion to entertain the proceedings. However, we have cautioned that the circuit court must exercise its discretion with an understanding that the legislature created the WERC in order to afford a systematic method of factfinding and policymaking and that the WERC's jurisdiction should be given priority in the absence of a valid reason for judicial intervention. *Browne v. Milwaukee Board of School Directors*, 83 Wis.2d 316, 328, 329, 265 N.W.2d 559 (1978).

In *Wisconsin Collectors Asso. v. Thorp Finance Corp.*, 32 Wis.2d 36, 145 N.W.2d 33 (1966), we explained the doctrine of primary jurisdiction as follows:

"The purpose of the primary-jurisdiction rule is to promote proper relationships between the courts and administrative agencies, and we believe that such purpose can be fully accomplished without also depriving the courts of subject-matter jurisdiction.

"We fully recognize that administrative agencies are designed to provide uniformity and consistency in the fields of their specialized knowledge. The expertise that comes with experience and also the fact-finding facility that comes with a more flexible procedure enable the agencies to perform a valuable public function. When an issue arises which fits squarely within the very area for which the agency was created, it would be logical to require prior administrative recourse before a court entertains jurisdiction. *Cf. State ex rel. City Bank & Trust Co. v. Marshall & Ilsley Bank* (1958), 4 Wis.2d 315, 90 N.W.2d 556.

"Nonetheless, we believe it improper to couch such priority in terms of power or jurisdiction. The standard, in our opinion, should not be power but comity. The court must consider which course would best serve the ends of justice. If the issue presented to the court involves exclusively factual issues within the peculiar expertise of the commission, the obviously better course would be to decline jurisdiction and to refer the matter to the agency. On the other hand, if statutory interpretation or issues of law are significant, the court may properly choose in its discretion to entertain the proceedings. The trial court should exercise its discretion with an understanding that the legislature has created the agency in order to afford a systematic method of fact-finding and policy-making and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention." 32 Wis.2d at 44–45.

While Local 556–A acknowledges that McEwen's complaint raises a constitutional issue and questions of

statutory interpretation, Local 556–A contends that the prior and basic issue is "the interpretation and application of a collective bargaining agreement negotiated pursuant to sec. 111.70," Stats., and that depending on the interpretation given the agreement, it might be unnecessary to reach statutory and constitutional issues. But it is undisputed that the register in probate is by the terms of the collective bargaining agreement included in the bargaining unit; it is undisputed that the collective bargaining agreement required certain steps to be taken in filling the vacancy in the office of register in probate; and it is undisputed that McEwen did not abide by the terms of the collective bargaining agreement in filling the vacancy.

Local 556–A does not explain what provisions in the collective bargaining agreement remain to be interpreted and applied. The WERC concluded,[9] and we agree, that McEwen's complaint and Local 556–A's petition appear to involve the same issue of statutory construction, namely the relation of sec. 253.31(1) and sec. 111.70, Stats.[10] We have, in prior cases, stated that the relation of sec. 111.70 to other statutory provisions is a question of law and that, although the decision of the WERC would be accorded due weight, the issue is within the special competence of the courts. *See Glendale Prof. Policemen's Asso. v. Glendale,* 83 Wis.2d 90, 100, 101, 264 N.W.2d 594 (1978); *City of Brookfield v. WERC,* 87 Wis.2d 819, 825–31, 275 N.W.2d 723 (1979).

Local 556–A contends that to affirm the circuit court's holding that it has primary jurisdiction in the case at bar is merely to reward McEwen for winning a race to

[9] Memorandum Accompanying Order Holding Petition For Declaratory Ruling in Abeyance Pending Outcome of Circuit Court Case, WERC Decision No. 16067, quoted at p. 262, *supra.*

[10] McEwen's complaint and Local 556–A's petition are quoted at pp. 261, 262, *supra.*

the courthouse. Local 556–A is mistaken. The circuit court does not retain jurisdiction because McEwen got there first. The order of the trial court denied Local 556–A's motion to defer court proceedings pending a WERC decision because, as the circuit court found, the controversy involves questions of constitutional law and statutory interpretation, issues which in this case can initially be decided by the circuit court. Had Local 556–A filed its petition for a declaratory ruling with the WERC shortly before McEwen filed his complaint in court, the issue before the circuit court would have been the same, *i.e.,* whether the circuit court should exercise its discretion to decline jurisdiction. The sequence of filing standing alone should not change the resolution of the issue. *Cf. State v. WERC,* 65 Wis.2d 624, 635–636, 223 N.W.2d 543 (1974).

It appears that the instant case does not raise any factual issues and that it raises a constitutional question and a question of the relation between a collective bargaining agreement entered into pursuant to sec. 111.70, Stats., and sec. 253.31 (1), Stats., relating to the appointment of registers in probate. None of the issues is within the special competence of the WERC; this case does not involve an area in which a systematic method of policy making is required by the WERC. We conclude that it was not an abuse of discretion for the circuit court to deny Local 556–A's motion to defer court proceedings pending a WERC decision. The order of the circuit court is affirmed.

*By the Court.*—Order affirmed.