# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP485 |

| | |
|---|---|
| COMPLETE TITLE: | Wisconsin Property Tax Consultants, Inc. and Wisconsin Manufacturers and Commerce, Inc., Plaintiffs-Appellants-Petitioners, v. Wisconsin Department of Revenue, Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 398 Wis. 2d 654, 963 N.W.2d 103
PDC No: 2021 WI App 47 - Published

| | |
|---|---|
| OPINION FILED: | June 30, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 5, 2022 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Ozaukee |
| JUDGE: | Sandy A. Williams |

JUSTICES:
HAGEDORN, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, DALLET, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a concurring opinion. ROGGENSACK, J., filed a concurring opinion, in which REBECCA GRASSL BRADLEY, J., joined.
NOT PARTICIPATING:

ATTORNEYS:

For the plaintiffs-appellants-petitioners, there were briefs filed by *Don M. Millis, Karla M. Nettleson* and *Reinhart Boerner Van Deuren S.C.*, Madison. There was an oral argument by *Don M. Millis*.

For the defendant-respondent, there was a brief filed by *Brian P. Keenan*, assistant attorney general, with whom on the

brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Brian P. Keenan*.

An amicus curiae brief was filed by *Lucas T. Vebber, Anthony F. LoCoco* and *Wisconsin Institute for Law & Liberty*, Milwaukee, for the Wisconsin Property Taxpayers, Inc.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP485
(L.C. No. 2019CV226)

STATE OF WISCONSIN        :       IN SUPREME COURT

Wisconsin Property Tax Consultants, Inc. and
Wisconsin Manufacturers and Commerce, Inc.,

       Plaintiffs-Appellants-Petitioners,

   v.

Wisconsin Department of Revenue,

       Defendant-Respondent.

**FILED**

**JUN 30, 2022**

Sheila T. Reiff
Clerk of Supreme Court

---

HAGEDORN, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, DALLET, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a concurring opinion. ROGGENSACK, J., filed a concurring opinion, in which REBECCA GRASSL BRADLEY, J., joined.

---

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 BRIAN HAGEDORN, J. When both a court and an agency may address an issue, who should decide first? That is the question this case presents, and the question the primary jurisdiction doctrine answers. We have held that a circuit court may stay its hand pending an agency's determination if the issue before it turns primarily on factual or technical

questions within the agency's expertise. But if the question is primarily one of law outside the agency's specialized competence, the circuit court should decide the question. In this case, the circuit court declined to decide whether a letter from the Wisconsin Department of Revenue (DOR) constituted an unpromulgated rule, deferring instead to the Tax Appeals Commission to decide that question first. We conclude that the circuit court erroneously exercised its discretion. Even if the Tax Appeals Commission has jurisdiction to address the unpromulgated rule question, it is a pure question of law outside the Tax Appeals Commission's expertise. The circuit court should have assumed jurisdiction and decided it.

## I. BACKGROUND

¶2 In 2017, the Wisconsin Legislature enacted a new tax exemption for "machinery, tools, and patterns, not including such items used in manufacturing." 2017 Wis. Act 59, § 997j (codified at Wis. Stat. § 70.111(27)(b) (2017-18)). Seeking guidance on how the new exemption would be applied, Wisconsin Manufactures and Commerce, Inc. (WMC) sent a letter to DOR. In the letter, WMC articulated its view that "machinery, patterns and tools that are not used in manufacturing" are exempt even if that property is "located on manufacturing property." DOR disagreed. It explained by letter its view that "the new exemption does not apply to manufacturers."

¶3 WMC responded by filing a declaratory judgment action in circuit court under Wis. Stat. § 227.40 (2019-20)[1] raising three claims: (1) DOR's letter is an unpromulgated rule and is therefore invalid; (2) DOR's letter is invalid because it is inconsistent with the text of the new exemption; and (3) DOR's proffered interpretation violates various provisions of the Wisconsin and United States constitutions.[2] Following cross-motions for summary judgment, the circuit court dismissed all three claims under the primary jurisdiction doctrine.[3] It observed that the Tax Appeals Commission was then "considering how to interpret and apply Wis. Stat. § 70.111(27) to property owned and used by the manufacturers" and was "well suited to use its expertise in determining this issue." It therefore declined to assume jurisdiction over any of the three claims.

¶4 WMC appealed the circuit court's dismissal of the unpromulgated rule and constitutional claims only, and the court of appeals affirmed. Wis. Prop. Tax Consultants, Inc. v. DOR, 2021 WI App 47, 398 Wis. 2d 654, 963 N.W.2d 103. WMC then sought this court's review, but only regarding the unpromulgated rule claim. We granted the petition for review.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2019-20 version.

[2] Wisconsin Property Tax Consultants, Inc. is also a plaintiff with WMC. We refer to the plaintiffs collectively as WMC.

[3] The Honorable Sandy A. Williams of the Ozaukee County Circuit Court presided.

## II. PRIMARY JURISDICTION DOCTRINE

¶5 The primary jurisdiction doctrine comes into play when "both a court and an administrative agency have jurisdiction over resolution of issues in a dispute." City of Brookfield v. Milwaukee Metro. Sewerage Dist., 171 Wis. 2d 400, 420, 491 N.W.2d 484 (1992). It is "a doctrine of comity" and judicial efficiency, with the purpose of promoting "the proper relationship between administrative agencies and courts." Id. Thus, primary jurisdiction deals not with the court's ability to decide the matter, but with "which portion of the dispute-settling apparatus——the courts or the agency——should, in the interests of judicial administration, first take the jurisdiction that both the agency and the courts share." Gen. Tel. Co. of Wis. v. Auto-Owners Ins. Co., 140 Wis. 2d 10, 23, 409 N.W.2d 133 (Ct. App. 1987). Where both the court and the agency have authority to answer the question presented, the circuit court has discretion to allow the agency to address the matter in the first instance or decide the question itself. Sawejka v. Morgan, 56 Wis. 2d 70, 78-79, 201 N.W.2d 528 (1972).

¶6 One of the primary considerations for a court determining whether to let an agency address a question first is the nature of the issue raised. City of Brookfield, 171 Wis. 2d at 420-21; Wis. Collectors Ass'n, Inc. v. Thorp Fin. Corp., 32 Wis. 2d 36, 44-45, 145 N.W.2d 33 (1966). Where factual or technical issues predominate, our cases have counseled that "the better course may be" deferring to the

4

agency.[4]  City of Brookfield, 171 Wis. 2d at 421.  This recognizes that the legislature creates agencies "to afford a systematic method of factfinding and policymaking," typically in areas that involve technical expertise.  McEwen v. Pierce County, 90 Wis. 2d 256, 271, 279 N.W.2d 469 (1979).  Agencies are designed to "provide uniformity and consistency in the fields of their specialized knowledge."  Thorp, 32 Wis. 2d at 44.  So when the issue involves factual or specialized questions that fit "squarely within the very area for which the agency was created," it is appropriate to allow the agency to address the matter first.  Id.  On the other hand, "when statutory interpretation or issues of law are significant," the circuit court will have less reason to let the agency decide the question first.  City of Brookfield, 171 Wis. 2d at 421.  This is particularly so where the controlling issue is primarily a question of law that "rests within the special expertise of the circuit court," rather than the agency.  State v. Dairyland Power Coop., 52 Wis. 2d 45, 56, 187 N.W.2d 878 (1971).

¶7  Our cases have consistently drawn the line between fact-bound and agency-specialized questions (which may warrant deference) and predominately legal or nonspecialized questions (which do not).[5]  Recent developments in our approach to

_____

[4] By "deferring" to an agency, we refer only to allowing the agency to address the matter first, not deferring to the agency's legal conclusions, which we no longer do.  See Wis. Stat. § 227.57(11); Tetra Tech EC, Inc. v. DOR, 2018 WI 75, 382 Wis. 2d 496, 914 N.W.2d 21.

[5] Besides the cases already cited, see Beal v. First Fed.

reviewing the work of administrative agencies reinforce this distinction.

¶8 When we review an agency decision, we defer to the agency's factual findings unless they are insufficiently supported. Wis. Stat. § 227.57(6). Furthermore, as the law instructs, we give "due weight" to "the experience, technical competence, and specialized knowledge of the agency involved, as well as discretionary authority conferred upon it." § 227.57(10). Until recently, we also deferred to administrative agencies' conclusions of law in many circumstances. See, e.g., Milwaukee Symphony Orchestra, Inc. v. DOR, 2010 WI 33, ¶¶34-37, 324 Wis. 2d 68, 781 N.W.2d 674

---

Sav. & Loan Ass'n of Madison, 90 Wis. 2d 171, 198, 279 N.W. 2d 693 (1979); Browne v. Milwaukee Bd. of Sch. Dirs., 83 Wis. 2d 316, 329-30, 265 N.W.2d 559 (1978) ("The issues remaining unresolved . . . must be mainly factual, rather than legal or constitutional. If not, the transfer was erroneous."); Kaski v. First Fed. Sav. & Loan Ass'n of Madison, 72 Wis. 2d 132, 143-44, 240 N.W.2d 367 (1976) ("The discretion . . . is usually predicated upon whether there is a substantial factual dispute which should first be resolved by the administrative agency."); Browne v. Milwaukee Bd. of Sch. Dirs., 69 Wis. 2d 169, 176, 230 N.W.2d 704 (1975) ("[W]here there is no factual issue to be decided under the pleadings of the case and 'issues of law are significant,' the court may properly in its discretion entertain the proceedings."); City Firefighters Union, Loc. No. 311 v. City of Madison, 48 Wis. 2d 262, 270, 179 N.W.2d 800 (1970); Noonan v. Nw. Mut. Life Ins. Co., 2004 WI App 154, ¶29, 276 Wis. 2d 33, 687 N.W.2d 254 ("[T]his case involves statutory and contract interpretation, which fall within the province of the court."); Providence Cath. Sch. v. Bristol Sch. Dist. No. 1, 231 Wis. 2d 159, 172, 605 N.W.2d 238 (Ct. App. 1999); Madison Tchrs., Inc. v. Madison Metro. Sch. Dist., 197 Wis. 2d 731, 746-47, 541 N.W.2d 786 (Ct. App. 1995); Wis. Bell, Inc. v. DOR, 164 Wis. 2d 138, 144, 473 N.W.2d 587 (Ct. App. 1991).

(describing "three levels of deference to be granted to agency interpretations" of statutes). In 2018, however, we ended that practice. Tetra Tech EC, Inc. v. DOR, 2018 WI 75, 382 Wis. 2d 496, 914 N.W.2d 21. Since our decision in Tetra Tech, the legislature has codified our approach, directing that when reviewing "an agency action or decision, the court shall accord no deference to the agency's interpretation of law." § 227.57(11).

¶9 This shift in our approach to reviewing the legal interpretations of administrative agencies further strengthens— and deepens—the historical distinction in our cases between issues raising factual and technical questions uniquely within the purview of an agency's expertise, and those raising predominantly legal and nonspecialized issues that are properly questions for the judicial branch. Although the analysis will depend on the specifics of each case, courts generally should decide pure questions of law when they are presented, particularly when those questions lie outside an agency's area of expertise. With this in mind, we examine the single claim WMC raises before us.

## III. APPLICATION

¶10 WMC contends that the circuit court improperly dismissed its claim that the letter response from DOR constitutes an unpromulgated rule in violation of Wis. Stat. ch. 227. We review the circuit court's decision to dismiss this claim under the primary jurisdiction doctrine for an erroneous

exercise of discretion. City of Brookfield, 171 Wis. 2d at 423. "We will sustain a discretionary act if we find the trial court examined the relevant facts, applied a proper standard of law, and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." Lane v. Sharp Packaging Sys., Inc., 2002 WI 28, ¶19, 251 Wis. 2d 68, 640 N.W.2d 788.

¶11 In briefing and oral argument, WMC contended the primary jurisdiction doctrine is inapplicable here "because the tax appeals commission lacks jurisdiction over Wis. Stat. § 227.40(1) declaratory judgment actions." Because other independently sufficient grounds are available to resolve this case, we do not address the Tax Appeals Commission's jurisdiction over the unpromulgated rule claim in this opinion. In particular, we received amicus briefing from Wisconsin Property Taxpayers, Inc. suggesting the primary jurisdiction doctrine was improperly applied for another reason. It argues, "When it comes to rulemaking challenges, such as the one brought in this case, the question presented is essentially a purely legal one," which the circuit court should decide in the first instance. Our analysis proceeds under this second argument.

¶12 WMC initially brought three claims against DOR: an unpromulgated rule claim, an inconsistent interpretation claim, and a constitutional claim. The circuit court dismissed all three under the primary jurisdiction doctrine. It explained:

> At this time, there are numerous similar cases pending before the Tax Appeal Commission. The Commission is considering how to interpret and apply Wis. Stat. 70.111(27) to property owned and used by the

8

> manufacturers. That is the exact issue in this case. The Commission is well suited to use its expertise in determining this issue. Therefore, this court will not assume jurisdiction.

Regardless of whether this rationale had some relevance to the other claims originally filed, it is insufficient with respect to the only claim now before us——the unpromulgated rule claim.[6]

¶13 Under our cases, the primary jurisdiction doctrine should generally be analyzed claim-by-claim. See City of Brookfield, 171 Wis. 2d at 424 (analyzing claims individually). The unpromulgated rule claim in this case would not benefit from the Tax Appeals Commission's specialized expertise in tax law or its fact-finding capabilities. Rather, it requires only interpreting and applying the statute that defines an administrative rule (Wis. Stat. § 227.01(13)) and its related procedural prerequisites. This presents a pure question of law. Indeed, recognizing the absence of any significant factual dispute, WMC and DOR both moved for summary judgment on the claim.[7] It is a question that does not draw upon the Tax Appeals Commission's expertise in tax matters; it goes to the authority and process by which an agency must adopt and administer the law. Whatever the Tax Appeals Commission would conclude

---

[6] WMC's petition for review did not challenge the circuit court's dismissal of the inconsistent interpretation claim or the constitutional claim. We therefore offer no opinion on whether the circuit court properly exercised its discretion by dismissing those claims.

[7] See Providence Cath. Sch., 231 Wis. 2d at 172 ("Factual issues are nonexistent; indeed, both parties moved the court for summary judgment, asserting that there were no material issues of fact.").

(assuming it can opine on this question), the determination of whether DOR's letter constitutes an unpromulgated administrative rule would ultimately be decided independently by a court, without deference to the Tax Appeals Commission. See Wis. Stat. § 227.57(11); Tetra Tech, 382 Wis. 2d 496.

¶14 In view of this, and considering the circuit court's reasoning, we conclude the circuit court erroneously exercised its discretion because it did not apply the proper standard of law. Lane, 251 Wis. 2d 68, ¶19. The circuit court's reasoning was brief; it did not examine the unpromulgated rule claim at all. As best we can tell, it appears the court focused on the other claims presented to it——in particular, the interpretation of Wis. Stat. § 70.111(27)(b) DOR offered in its letter. So while the circuit court explained its decision to defer to the Tax Appeals Commission regarding the proper interpretation of § 70.111(27)(b), it gave no justification for its decision to defer on the question of whether DOR's letter was an unpromulgated rule. See City of Brookfield, 171 Wis. 2d at 423 (reversing when a court "failed to engage in a reasoned consideration" regarding a particular claim). Nor did the court observe the distinction our cases have made between factual and technical issues on the one hand, and pure questions of law outside the expertise of agencies like the Tax Appeals Commission on the other.

¶15 As we have explained, the unpromulgated rule claim in this case involves the interpretation and application of a statute to undisputed facts. As a pure question of law in a

nonspecialized area, this is an issue properly addressed to the court's expertise. Noonan v. Nw. Mut. Life Ins. Co., 2004 WI App 154, ¶29, 276 Wis. 2d 33, 687 N.W.2d 254 (rejecting a claim that the primary jurisdiction doctrine required deference to the agency because the case was one of "statutory and contract interpretation, which fall within the province of the court"). By contrast, the Tax Appeals Commission interprets and administers the tax code and adjudicates taxpayer claims. Wis. Stat. § 73.01(4). It has no unique expertise over whether a letter fits the definition of a rule. Wisconsin Stat. § 227.01(13), which defines a rule, is a broadly applicable administrative law statute falling outside the tax code and beyond the Tax Appeals Commission's specialized knowledge. And although we express no opinion on the merits of the unpromulgated rule claim, which remains to be adjudicated by the circuit court on remand, it presents a question that fits squarely within the expertise of the judicial branch. We conclude the circuit court erroneously exercised its discretion when it dismissed this claim. Applying our precedents to the unpromulgated rule claim in this case, we conclude deference to the Tax Appeals Commission is not warranted under the primary jurisdiction doctrine.

*By the Court.*——The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

11

¶16 ANNETTE KINGSLAND ZIEGLER, C.J. *(concurring).* The Department of Revenue ("DOR") provided the Wisconsin Manufacturers and Commerce ("WMC") an interpretation of Wis. Stat. § 70.111(27)(b), a statute governing taxes for manufacturing properties. In response, WMC brought a declaratory judgment suit challenging the DOR's interpretation. The circuit court dismissed WMC's claims under the primary jurisdiction doctrine. The majority concludes that the circuit court erred because the issue presented, i.e., whether the DOR followed proper rulemaking procedures, is one that falls squarely within the province and expertise of the courts. See majority op., ¶15 (reasoning that the issue presented is "a pure question of law in a nonspecialized area" and is "properly addressed to the court's expertise"). While the majority's reasoning may very well be correct, it is unnecessary. The majority fails to recognize that WMC could not bring their claims before the Tax Appeals Commission ("TAC"). WMC has no assessment that could be appealed; they are not a manufacturer. When a party could not possibly proceed before the TAC, the primary jurisdiction doctrine does not apply. There is only one jurisdiction for WMC to bring their claims: the courts. As a result, I respectfully concur.

¶17 The primary jurisdiction doctrine applies only where "a court and an administrative agency have jurisdiction over resolution of issues in a dispute." City of Brookfield v. Milwaukee Metro. Sewerage Dist., 171 Wis. 2d 400, 420, 491 N.W.2d 484 (1992). The doctrine cannot apply when the party

1

bringing the issue cannot bring the matter before the agency. See, e.g., Ryan v. Chemlawn Corp., 935 F.2d 129, 131-32 (7th Cir. 1991) (explaining that the plaintiff must be allowed "the opportunity to [obtain relief] from the only forum that can provide [it], the court" and declining to apply the primary jurisdiction doctrine); United States v. Haun, 124 F.3d 745, 750-52 (6th Cir. 1997) (holding that the primary jurisdiction doctrine does not apply where the plaintiff could not go before the relevant agency, reasoning that "[i]f no administrative forum is available . . . a court should reassert or, as the case may be, retain its jurisdiction"); City of Brookfield, 171 Wis. 2d at 416-24 (applying the primary jurisdiction doctrine where the plaintiffs could present their dispute to the relevant agency).

¶18  I do not join Justice Roggensack's concurrence because it goes too far to answer questions not before the court. Justice Roggensack may very well be correct that the TAC lacks jurisdiction to resolve whether a DOR interpretation is an unpromulgated rule.  See Justice Roggensack's concurrence, ¶¶30-34.  But I am hesitant to answer an issue so broadly such that it appears that a litigant might be precluded from even raising that as a part of their broader argument before the TAC.  For example, perhaps a litigant should be able to argue that an assessment is faulty for a variety of reasons, one of which being that the assessment stems from an unpromulgated rule. Even if the TAC does not have jurisdiction over rulemaking, Wis. Stat. § 227.40(2)(e) seems to suggest that persons who challenge

2

administrative decisions under Wis. Stat. § 227.52 may be statutorily required to present rulemaking arguments to the TAC. See § 227.40(2)(e) (stating that persons bringing a § 227.52 claim may dispute the "validity of [a] rule or guidance document" if that rule or guidance document was "duly challenged in the proceeding before the agency in which the order or decision sought to be reviewed was made or entered"). Here, we need not decide that issue because WMC could not have brought this challenge before the TAC.

¶19 To apply the primary jurisdiction doctrine to a party that cannot go before the TAC is an erroneous exercise of discretion. Employing the primary jurisdiction doctrine against WMC would deny them their day in court and require WMC to sit idly by while they await another party to bring the issues presented to the TAC. Accordingly, I join the majority's mandate.

¶20 For the foregoing reasons, I respectfully concur.

3

¶21 PATIENCE DRAKE ROGGENSACK, J. *(concurring).* The majority opinion concludes that, under the primary jurisdiction doctrine, the circuit court erroneously exercised its discretion because Wisconsin Manufacturers and Commerce's (WMC) unpromulgated rule challenge turns on a question of law, which the circuit court should have decided. While I agree with the bottom line conclusion that the circuit court should have decided WMC's unpromulgated rule challenge, I part ways with the majority opinion's reasoning. The circuit court should have decided WMC's challenge to the Department of Revenue's (DOR) interpretation of Wis. Stat. § 70.111(27)(b) (2017-18) claiming it was an unpromulgated rule, because jurisdiction did not exist in the Tax Appeals Commission to decide whether DOR's response to WMC was an unpromulgated rule. Because the majority misses step one in analyzing a question of primary jurisdiction, i.e., whether the Tax Appeals Commission and the circuit court both had jurisdiction to decide whether DOR's letter-response to WMC was an unpromulgated rule, I respectfully concur.

## I. BACKGROUND[1]

¶22 In 2017, the Wisconsin Legislature enacted a new tax exemption for "machinery, tools, and patterns, not including such items used in manufacturing." 2017 Wis. Act 59, § 997j (codified at Wis. Stat. § 70.111(27)(b) (2017-18)). Seeking a determination on how the new exemption would be applied, WMC sent a written inquiry to the DOR. WMC's inquiry expressed its

---

[1] The majority opinion capably sets out the background underlying this controversy. Therefore, I describe here only that which is necessary to understand my writing below.

view that "machinery, patterns and tools that are not used in manufacturing" are exempt even if that property is "located on manufacturing property." WMC asked for DOR's interpretation of § 70.111(27)(b) under those proposed facts. In a letter-response, DOR disagreed with WMC's interpretation and said that the new exemption does not apply to manufacturers, even though the property is not used in manufacturing.

¶23 WMC then filed a declaratory judgment action in circuit court pursuant to Wis. Stat. § 227.40 asserting that: (1) DOR's response to WMC was an unpromulgated rule and is therefore invalid; (2) DOR's response is invalid because it is inconsistent with the text of the new exemption; and (3) DOR's response violates various provisions of the Wisconsin and United States Constitutions.

¶24 Following cross-motions for summary judgment, the circuit court dismissed WMC's claims under the primary jurisdiction doctrine. The circuit court observed that the Tax Appeals Commission was then "considering how to interpret and apply Wis. Stat. § 70.111(27) to property owned and used by the manufacturers" and was "well suited to use its expertise in determining this issue." Accordingly, it declined to exercise jurisdiction over WMC's claims.

¶25 WMC appealed the court's dismissal of only the unpromulgated rule claim and the constitutional claims. The court of appeals affirmed. Wis. Prop. Tax Consultants, Inc. v. DOR, 2021 WI App 47, 398 Wis. 2d 654, 963 N.W.2d 103. WMC then

2

sought our review of only the unpromulgated rule claim. We granted review.

## II. DISCUSSION

### A. Standard of Review

¶26 We review whether the circuit court erroneously exercised its discretion in not exercising its jurisdiction. McEwen v. Pierce Cnty., 90 Wis. 2d 256, 268, 279 N.W.2d 469 (1979). In so doing, we review, as a matter of law, whether the Tax Appeals Commission had jurisdiction to resolve the dispute. Id. We further interpret and apply Wis. Stat. § 73.01(4) and Wis. Stat. § 227.40. We independently interpret and apply statutes as questions of law. Townsend v. ChartSwap, LLC, 2021 WI 86, ¶11, 399 Wis. 2d 599, 967 N.W.2d 21.

### B. Primary Jurisdiction

¶27 When both a court and an administrative agency have jurisdiction over resolution of issues in a dispute, courts may look to the primary jurisdiction doctrine to determine who should decide the case first. City of Brookfield v. Milwaukee Metro. Sewerage Dist., 171 Wis. 2d 400, 420, 491 N.W.2d 484 (1992). As we have concluded in the past, the doctrine is not one of "power[,] but comity." Wis. Collectors Ass'n, Inc. v. Thorp Fin. Corp., 32 Wis. 2d 36, 44, 145 N.W.2d 33 (1966). "The purpose of the primary-jurisdiction rule is to promote proper relationships between the courts and administrative agencies." Id. However, the question of primary jurisdiction does not arise until there first has been a conclusion that both the agency and the court have jurisdiction over the dispute. Beal

3

v. First Fed. Sav. & Loan Ass'n of Madison, 90 Wis. 2d 171, 197, 279 N.W.2d 693 (1979). If the administrative agency does not have jurisdiction to decide the question presented, the primary jurisdiction doctrine is not implicated. See Ass'n of Career Emps. v. Klauser, 195 Wis. 2d 602, 612-13, 536 N.W.2d 478 (Ct. App. 1995) (explaining that primary jurisdiction assumes jurisdiction in both a court and an agency, and if that does not exist, primary jurisdiction is not at issue).

¶28 Article VII, Section 8 of the Wisconsin Constitution provides that: "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state." Accordingly, we have stated that "in Wisconsin, 'no circuit court is without subject matter jurisdiction to entertain actions [on state law claims].'" Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190 (quoting Mueller v. Brunn, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982)).

¶29 Furthermore, Wis. Stat. § 227.40(1) states that "the exclusive means of judicial review of the validity of a rule or guidance document shall be an action for declaratory judgment as to the validity of the rule or guidance document brought in the circuit court for the county where the party asserting the invalidity of the rule . . . resides or has its principal place of business . . . ." § 227.40(1).

¶30 The Tax Appeals Commission also was granted jurisdiction by the legislature in Wis. Stat. § 73.01(4)(a), which states that,

4

> Subject to the provisions for judicial review in s. 73.015, the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under sub. (5) and s. 72.86(4), 1985 stats., and ss. 70.38(4)(a), 70.397, 70.64, and 70.995(8), s. 76.38(12)(a), 1993 stats., ss. 76.39(4)(c), 76.48(6), 77.26(3), 77.59(5m) and (6)(b), 78.01, 78.22, 78.40, 78.555, 139.02, 139.03, 139.06, 139.31, 139.315, 139.33, 139.76, 139.78, 177.1103, 177.1206(3), 341.405, and 341.45, subch. XIV of ch. 71, and subch. VII of ch. 77.

§ 73.01(4)(a). No administrative remedy was provided therein to the Tax Appeals Commission to review the validity of a DOR rule. Generally, when a statute sets forth a procedure by which to provide review of administrative agency decisions and states that the procedure is the final review, other forms of remedy are not available in addition to the listed procedure. Nodell Inv. Corp. v. City of Glendale, 78 Wis. 2d 416, 422, 254 N.W.2d 310 (1977).

¶31 If an agency is interpreting its own declaration that is being characterized as a rule made in contravention of its own rule-making procedures, the agency has jurisdiction to review that claim. County of Dane v. DHSS, 79 Wis. 2d 323, 331-33, 255 N.W.2d 539 (1977). However, here, it is DOR who has responded to WMC in a way that is challenged as a DOR unpromulgated rule, and it is the Tax Appeals Commission who is asked to decide whether DOR followed proper rule-making procedures in making its letter-response to WMC.

¶32 In order for Tax Appeals Commission to decide whether DOR followed proper rule-making procedures in its letter-response to WMC, Tax Appeals Commission must have the authority to say, "yes," DOR did or "no," DOR didn't.

5

¶33 Administrative agencies are creations of the legislature and have only those powers expressly given to them by the legislature. Heritage Credit Union v. Office of Credit Unions, 2002 WI App 213, ¶12, 247 Wis. 2d 589, 634 N.W.2d 593. No authority to judge whether DOR followed proper rule-making procedures in issuing its letter-response is granted to the Tax Appeals Commission by Wis. Stat. § 73.01(4)(a). Further, no one has provided us with a statute or other grant of authority that gives the Tax Appeals Commission the power to decide whether DOR properly exercised its rule-making authority. I have searched and searched, but I have found none. Without such a grant of authority from the legislature, there is no jurisdiction in the Tax Appeals Commission to decide the dispute at issue here.

¶34 Under Wis. Stat. § 227.40(1), only the circuit court had jurisdiction to decide whether DOR's letter-response to WMC was a rule that was created without following required rule-making procedures. Accordingly, I conclude that, because the Tax Appeals Commission had no jurisdiction over WMC's unpromulgated rule claim, reliance on the primary jurisdiction doctrine to decide this case is inappropriate. Only the circuit court had the power to review WMC's unpromulgated rule claim against DOR.

### III. CONCLUSION

¶35 It is DOR who has responded to WMC in a way that is challenged by WMC as a DOR rule, and it is the Tax Appeals Commission who is asked to decide whether DOR followed proper rule-making procedures in making its response to WMC. The

6

circuit court should have decided WMC's challenge to the DOR's interpretation of Wis. Stat. § 70.111(27)(b) (2017-18) claiming it was an unpromulgated rule, because jurisdiction did not exist in the Tax Appeals Commission to decide whether DOR's response to WMC was an unpromulgated rule. Because the majority misses step one in analyzing a question of primary jurisdiction, i.e., whether the Tax Appeals Commission and the circuit court both had jurisdiction to decide whether DOR's letter-response to WMC was an unpromulgated rule, I respectfully concur.

¶36 I am authorized to state that Justice REBECCA GRASSL BRADLEY joins this concurrence.